ALBERT M. McKENNEY *versus* CARLISLE WHIPPLE.

In an action on a promissory note payable *on demand* at a particular place, no averment or proof of a demand on the part of the plaintiff is necessary, to entitle him to maintain his suit.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

Assumpsit on a note of which a copy follows.

"Standish, May 10, 1841.

"On demand I promise to pay Albert M. McKenney, or order, ten dollars, with interest, at my residence at Standish, value received.                    CARLISLE WHIPPLE."

The plaintiff offered the note in evidence, but had not alleged in his declaration, and did not offer to prove a demand of payment at the maker's residence before the commencement of the suit.

The presiding Judge ruled, that as the note was made payable at the residence of the maker, a demand was necessary before bringing the action, and directed a nonsuit. To this the plaintiff filed exceptions.

*O'Donnell*, for the plaintiff.

If a note be made payable at a time and place certain, no averment or proof of demand is necessary on the part of the plaintiff; but if the maker was ready to pay at the time and place specified, that is matter of defence. *Carley v. Vance*, 17 Mass. R. 389; *Bacon v. Dyer*, 3 Fairf. 19; *Remick v. O'Kyle*, ib. 340; *Ruggles v. Patten*, 8 Mass. R. 480; *Hart v. Green*, 8 Verm. R. 191; *Wolcott v. Van Santvoord*, 17 Johns. R. 248.

There is no reason for any distinction between a note payable at a particular time and place, and one payable *on demand* at a particular place.

A note payable on demand is due immediately, and the statute of limitations begins to run from its date. *Little v. Blunt*, 9 Pick. 488; *Newman v. Kettelle*, 13 Pick. 418; *Rice v. West*, 2 Fairf. 323; *Smith v. Bythewood*, 1 Rice, 245. As against the maker, the suit may be maintained without de-

mand, although to charge an indorser, it may be necessary. *Shaw* v. *Reed*, 12 Pick. 132.

This question has been decided in the State of New York in our favor. *Huxton* v. *Bishop*, 3 Wend. 13. In this case, the Court held the intimation made to the contrary in *Caldwell* v. *Cassidy*, 8 Cowen, 271, to be erroneous. In this State, the Court did not intimate, that there was any distinction between a note payable at a place certain on demand or at a fixed time.

The decisions in the English Courts can have no bearing on this particular question, because they have held, that a demand is necessary, where the time and place are both fixed in the note. *Saunderson* v. *Bowes*, 14 East, 500; *Ravee* v. *Young*, 2 Brod. & Bing. 165.

*Eveleth*, for the defendant, admitted that it had been decided in this country, that when a note is payable at a certain day and place both, no demand is necessary before bringing the suit. But he contended, that the same rule does not apply, where the note is made payable at a fixed place on demand. 2 Brod. & Bing. 165; *Caldwell* v. *Cassidy*, 8 Cow. 271; *Bacon* v. *Dyer*, 3 Fairf. 19; *Tuckerman* v. *Hartwell*, 3 Greenl. 151.

The note was made in this manner to protect the defendant against costs, until a demand should be made upon him at his place of residence. No tender could be made until a demand, and the defendant is not liable until a demand of payment is made upon him at his place of residence, where only he stipulated to make payment.

The opinion of the Court was by

TENNEY J. — The necessity of an averment in a writ, of a demand on the maker of a note, or on the acceptor of a bill, and proof in its support, when the same are payable at *a certain time and place*, has undergone at different times in England a very full and elaborate discussion by their most distinguished Judges and other jurists. There have been various and conflicting decisions, sometimes founded upon distinctions,

apparently without any solid basis. At one time, the opinions of the Court of King's Bench and the Common Pleas on this subject were utterly irreconcilable. An able examination of the decisions given in Westminster Hall was made and the discordant views and the reason thereof discussed by Chief Justice SPENCER in 17 Johns, 459 — also in 17 Mass. R. 389, by Mr. Justice WILDE, and in 3 Fairf. by Chief Justice WESTON. The question is considered as settled in England by the opinion given in the case of *Ravee* v. *Young*, 2 Brod. & Bing. 165, that averment and proof of a demand at the time and place of payment, where they are expressed in the note or bill, are indispensable in order to sustain an action against the maker or acceptor. In the case last referred to, which was in the House of Lords, eight Judges dissented and gave their reasons for so doing. Some make no distinction between a note payable on demand at a day certain and those payable at a *particular time and place*. Others hold, that in the former class only is a demand necessary. 17 Mass. R. 389 — Note.

From an examination of the several cases in this country before referred to, and others where the same question has been presented, a different and opposite opinion has prevailed, from that finally adopted in the House of Lords, and has been maintained also by many of the ablest Judges in England. It is believed that in the Courts here, there has been no material want of uniformity. There has been a concurrence in New York, Massachusetts and Maine, and the Supreme Court of the United States have intimated similar views, so far as they had occasion to indicate an opinion. Our commercial community in their domestic intercourse have accommodated themselves to the doctrine, which may be regarded as settled. But the question involved in the case at bar has been supposed to be affected by reasons, which would lead to different conclusions, whenever there should be occasion to discuss and examine them. We have given attention to the cases referred to, that we may ascertain whether the same principles, which are applicable to notes, when payment is to be made at a certain time and place will or not also apply to a case like the present,

Will the arguments, which have been adduced, and which have led to the settlement of the question here, in relation to notes of that description, cease to have weight, when they are tested in reference to the case now before us?

In *Saunderson* v. *Bowes*, 14 East, 500, Lord Ellenborough makes a distinction, and says that in such a case as the one at bar, the time of payment depends entirely on the pleasure of the holder, and he considers that a previous demand is indispensable. In the same case, Bayley Justice says, " Now here the terms of the contract are a promise by the defendants to pay on demand at a certain place; then the plaintiff must bring himself within the terms, by showing, that he made a demand upon the defendants at the place," and such was the opinion of the Court. The last named of these distinguished Judges, never yielded to the doctrine which finally prevailed in the English Courts in reference to bills and notes payable at a particular place and day certain, but resisted it even in the last struggle in the House of Lords. In *Caldwell* v. *Cassidy*, 8 Cowen, 271, the Court make the same distinction which was made in the case of *Saunderson* v. *Bowes*, though the question now before us, was not then presented so as to require an opinion.

It is settled so far beyond dispute, that authorities are not thought necessary to be cited, that a note payable on demand generally is payable every where, and a suit can be maintained though not preceded by a demand. A previous demand, then, in this State, is unnecessary on a note payable at a particular place on a day certain; and also on a note payable on demand generally. In the former, proof that the debtor was prepared at the place and on the day when payment was to be made, to discharge the note, if presented, and bringing the money into Court, would be a bar of damages and entitle him to costs. Why should a different principle be made to apply to the note containing in itself both the terms, which may be disregarded in a note which contains one or the other but not both? Is there any more necessity for the protection of the debtor's interests and rights, that a demand should be made,

when both exist together, than when they may be in two notes between the same parties ? Are reasons to be found in one case, inapplicable in the other ? The authorities, which have been cited from English books to support the views taken by the defendant's counsel, establish there a doctrine, which is not recognised here. Is the maker of a note payable at his own residence on demand, in a situation to be injured by being called upon to answer to an action commenced upon it, without a previous demand, more than he would be upon one payable at the same place on a day certain ? In the latter case, he is to be sure, only to provide himself with the means of payment on the day upon which he engaged to make it, and by doing so, he is secure from injury. When, for instance, he engages to pay on demand at his residence, he is subjected to the additional risk of being called upon, when he may not have provided for the exigency ; to be certain of exemption from costs, he must be constantly in funds to meet the note ; inasmuch as he would not be entitled to notice of the time, when the presentment of the note would. be made ; and immediately after a default on his part to meet the demand made according to the terms of his engagement, he would be liable. He could not insist upon a day or an hour in which to provide the means of discharge. But this additional risk he has voluntarily taken upon himself, and therefore he must ask no indulgence on that account. If the action is brought without a previous demand at his residence,.the bringing the action would be the demand, as in cases when the note is payable on demand generally ; and proof of a readiness to discharge the obligation at his residence, on the day of the commencement of the suit, and bringing the money into Court would be a bar to damages and would entitle him to his costs in the same manner as on a note payable at a certain day at his residence. We are unable to see, wherein he would not be equally protected in the one case as in the other, excepting so far only as his own contract may require him to be constantly ready in one, and only on a particular day on the other. The restriction cannot be regarded as useless in one more than in the other. It may be, and often

McKenney *v.* Whipple.

is, a great benefit to the maker of a note to be allowed to pay it at a place where he may be possessed of the means, and if he be thus possessed according to his engagement, he does not suffer. And it is not seen in what manner he would be prejudiced, in such a note as the one now under consideration, by a want of presentment, more than in one payable on a day certain. On the hypothesis, that a demand is necessary on a note like the one before us, the demand could be of no utility to the debtor, if unprovided with the means of payment.

In the case *Haxton* v. *Bishop*, 3 Wend. 13, the particular question here presented was examined by Chief Justice SAV-AGE, and in giving the opinion of the Court, he takes a view different from the one intimated by him in *Caldwell* v. *Cassidy*, 8 Cow. 271. In the case in 8 Cow. the Court hold the opinion, that no presentment is necessary to be made on a note payable at a particular place on demand, in order to maintain an action thereon. Bank notes were then in question, but the court illustrate their views by supposing the Bank an individual, who was indebted in that manner.

Whether a distinction is to be made between a note on demand at a day certain, and one simply on demand, it is unnecessary here to determine. If there be no such distinction, the term *on demand*, when coupled with a day certain would seem to be unnecessary.

From the whole examination, which we have been able to make of the authorities bearing upon the question, and the consideration which we have given the subject, we are satisfied, that a decision in favor of the defendant in this case, would be virtually a denial of the soundness of the reasons, which sustain the law, that is here settled, that a presentment is unnecessary on a note payable at a particular time and place.

*Exceptions are sustained, and a new trial granted.*