Ford and others vs. The Plankinton Bank and another.

FORD and others, Respondents, vs. THE PLANKINTON BANK and another, imp., Appellants.

*March 16 — April ·10, 1894.*

*Corporations: Insolvency: Preferences: Fraud: Sequestration of property: Money in hands of sheriff, made on executions.*

1. An insolvent corporation cannot give a preference to the claims of any creditor.
2. Moneys in the hands of the sheriff, made upon executions against an insolvent corporation, are subject to sequestration as a part of the assets of the corporation when they are the fruit of a fraudulent combination between the directors of the corporation and the execution creditor for the purpose of giving the latter an illegal preference over other creditors.
3. An interlocutory order, based upon the complaint alone in an action for sequestration of the property of an insolvent corporation, directing moneys so in the hands of the sheriff to be turned over to a receiver, is not a final determination of the right of the execution creditor to such moneys, but if he has a valid lien it will be recognized and enforced in the final order in the action.

APPEAL from the Circuit Court for *Milwaukee* County.

The action was commenced June 26, 1893, upon a complaint framed under sec. 3216, R. S., for the sequestration

of the property, effects, and franchises of the defendant
Lappen Furniture Company as an insolvent corporation.
The complaint asks that the Lappen Furniture Company
be declared insolvent; that all its property, effects, and fran-
chises be sequestered, and a receiver be appointed; and
that the several defendants, creditors of the said Lappen
Furniture Company, be enjoined and restrained from
further proceedings under their judgments and executions
against the Lappen Furniture Company; and that the sher-
iff, Michael Dunn, be directed to pay over to the receiver
all sums made by him and in his hands upon executions in
favor of the said defendants respectively, and that he be
enjoined from paying it over to any other person.  Upon
motion founded upon the complaint the circuit court made
an order whereby it declared the Lappen Furniture Com-
pany insolvent and appointed a receiver of all its property,
effects, and franchises, restrained the defendants named
from further proceedings to enforce their claims against
the insolvent, and directed the sheriff to pay over to the
receiver all moneys made by him upon executions in favor
of the defendants against the insolvent, and forbade him to
pay to the defendants any moneys so made by him.  The
*Plankinton Bank* and *William Plankinton*, its assignee,
alone, of the defendants, appealed, and only from so much
of the order as directs the sheriff to pay over the moneys
made by him on its execution, and restrains him from pay-
ing to this defendant, and this defendant from receiving,
such moneys.

The complaint states, in substance: That the plaintiffs
are judgment creditors of the Lappen Furniture Company;
that an execution on their judgment has been returned
wholly unsatisfied; that the Lappen Furniture Company is
a domestic corporation; that the *Plankinton Bank* is a
Wisconsin corporation; that the appellant *William Plank-
inton* was appointed assignee of the *Plankinton Bank*,
June 1, 1893; that the defendant Michael Dunn is the

sheriff of Milwaukee county; that the said Lappen Furni-
ture Company was and is insolvent to the knowledge of
said *Plankinton Bank;* that the plaintiffs, being creditors
of the said Lappen Furniture Company, obtained judgment
against it, June 16, 1893, for $388.94, upon which judg-
ment execution was issued to the sheriff of Milwaukee
county, which execution was returned by said sheriff wholly
unsatisfied, June 24, 1893, and that said judgment remains
wholly unsatisfied; that said Lappen Furniture Company
and its directors and officers colluded and conspired with
the appellant *Plankinton Bank* and certain others of the
defendants named in the complaint, not including the de-
fendant *Plankinton,* for the purpose of securing "an un-
just and inequitable preference over the said plaintiffs and
the other creditors of the said Lappen Furniture Co.," hav-
ing knowledge at the time that the Lappen Furniture Com-
pany was insolvent; that, in furtherance of the conspiracy,
the *Plankinton Bank* and other defendants named "have
attempted to secure liens upon the property, to wit, the
stock in trade and horses and wagons of the defendant cor-
poration, the Lappen Furniture Company, by the levy
thereon of executions upon judgments on confession against
the Lappen Furniture Company, and have respectively at-
tempted, by the enforcement of such executions by sales
thereunder, to appropriate and apply the entire stock in
trade of the defendant the Lappen Furniture Company,
and other chattels thereof, in and to the satisfaction of
their several judgments, entered in manner and form as
hereinafter stated, to the great injury of these plaintiffs
and the other creditors of the said defendant the Lappen
Furniture Company, in that, as plaintiffs allege, the facts
were:" Then follows the charge of the facts constituting the
means by which the object of the conspiracy was effected
as against the defendants Robert Hill, Gage E. Tarbell,
and the *Plankinton Bank,* in substance as follows: That

the appellant *Plankinton Bank* caused to be entered in the circuit court for the county of Milwaukee, on confession, a judgment in its favor against the Lappen Furniture Company, on the 16th day of May, 1893, for $10,104.48, damages and costs, and caused the judgment to be docketed on the same day, and on the same day caused execution to be issued in the usual form, with the usual indorsement thereon, and to be delivered on the same day to the sheriff of Milwaukee county, with instructions in the usual form to levy and make the execution, etc.; that the warrant of attorney for the confession of the judgment, and on which it is actually confessed, was executed and dated on the 13th day of May, 1893; and that the *Plankinton Bank* caused execution to be issued on the judgment, and delivered to the sheriff of Milwaukee county, May 16, 1893, and caused said sheriff to levy the same on the stock in trade and the horses and wagons of the defendant Lappen Furniture Company, said property having been levied upon by the sheriff under prior executions in favor of the defendant Robert Hill for $20,051.44, and in favor of defendant G. E. Tarbell for $9,369.15, and said sheriff having also seized said property, subsequent to the receipt and levy of the execution of the *Plankinton Bank*, under execution in favor of A. F. Tanner & Co. for $10,360.50, and under various writs of attachment, aggregating $5,246.37. It is also alleged that the sheriff sold all the property so seized by virtue of said executions, and realized $46,200 upon the sale thereof, which sum he held in his hands and was about to turn over to the several execution creditors in the order of their priorities of levy.

This was the state of affairs when this action was commenced and the sheriff enjoined herein from turning over the money to the several execution creditors; an injunctional order having been issued and served with the complaint, which restrained the appellants from all further

proceedings under the judgment and execution referred to, in favor of the *Plankinton Bank.*

On July 11, 1893, the circuit court entered an interlocutory order in the action, declaring the Lappen Furniture Company insolvent, sequestrating its property, effects, and franchises, appointing a receiver therefor, continuing the injunctional order theretofore issued as against the appellants, and ordering the sheriff to pay to the receiver the entire proceeds realized by the sheriff under the executions. This appeal is taken from so much and such part of said order as directs the sheriff to pay to the receiver the entire proceeds realized upon the sale under the executions, in so far as the same affects the money realized by the sheriff on the execution issued upon the judgment recovered by the appellant *Plankinton Bank,* and so far as the order restrains the sheriff from delivering over to the appellants, and the appellants from receiving, the moneys due on the execution; and the making of that order, so far as it is appealed from, is assigned as error. The order was made upon the verified complaint alone. No affidavits were offered in opposition.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.* To the point that a corporation, although insolvent, possesses the full right to make contracts and to prefer one *bona fide* creditor over another, they cited *Ballin v. Loeb,* 78 Wis. 404, and cases cited on p. 407; *Hollins v. Brierfield C. & I. Co.* 150 U. S. 371; *Fogg v. Blair,* 133 id. 534, 541; *Warren v. First Nat. Bank,* 7 Nat. Corp. Rep. 328; *Gould v. L. R., M. R. & T. R. Co.* 52 Fed. Rep. 680; *Garrett v. Burlington P. Co.* 70 Iowa, 697; *Wilkinson v. Bauerle,* 41 N. J. Eq. 635; *Allis v. Jones,* 45 Fed. Rep. 148; *Warfield v. Marshall Co. C. Co.* 72 Iowa, 666; *Ringo v. Biscoe,* 13 Ark. 563; *Catlin v. Eagle Bank,* 6 Conn. 233; *Pondville Co. v. Clark,* 25 id. 97; *Lippincott v. Shaw Carriage Co.* 25 Fed. Rep. 577; *Schroeder v. Mason,* 25 Mo. App. 190; *Sar-*

*gent v. Webster,* 13 Met. 497; *Lexington L., F. & M. Ins. Co. v. Page,* 17 B. Mon. 412; *St. Louis v. Alexander,* 23 Mo. 483, 524; *Manhattan Brass Co. v. Webster G. & Q. Co.* 37 Mo. App. 145; *Duncomb v. N. Y., H. & N. R. Co.* 84 N. Y. 190; *Ashhurst's Appeal,* 60 Pa. St. 290; *Breene v. Merchants' & M. Bank,* 11 Colo. 97; *Pyles v. Furniture Co.* 30 W. Va. 123; *Foster v. Mullanphy P. M. Co.* 92 Mo. 79; *Palmer v. Hutchinson Grocery Co.* 11 So. Rep. 789; *Vail v. Jameson,* 41 N. J. Eq. 648; *Bergen v. Porpoise F. Co.* 42 id. 397; *Bissell v. Besson,* 47 id. 580; *Ex parte Conway,* 4 Ark. 302. The rule is the same if such creditor be a stockholder. *Reichwald v. Commercial Hotel Co.* 106 Ill. 439; *Whitewell v. Warner,* 20 Vt. 425; *Rollins v. Shaver W. & C. Co.* 80 Iowa, 380. Or a director. *Warfield v. Marshall Co. C. Co.* 72 Iowa, 666; *Foster v. Mullanphy P. M. Co.* 92 Mo. 79; *Hills v. Stockwell & D. F. Co.* 23 Fed. Rep. 432; *Smith v. Skeary,* 47 Conn. 47; *Planters' Bank v. Whittle,* 78 Va. 737; *Garrett v. Burlington P. Co.* 70 Iowa, 697. Proceeds of an execution sale in the hands of a sheriff are the property of the execution creditor. 2 Freeman, Executions, secs. 447, 448; *Nelson v. Kerr,* 59 N. Y. 225; Mechem, Pub. Off. sec. 765; *Jackson v. Smith,* 52 N. H. 14; Crocker, Sheriffs, secs. 424, 856.

For the respondents there was a brief by *Hugh Ryan, Jackson B. Kemper,* and *John F. Burke,* and oral argument by *Mr. Kemper.* To the point that the assets of an insolvent corporation are a trust fund for the payment of its creditors, and such insolvent corporation can give no preference, even to honest and *bona fide* creditors, they cited *Haywood v. Lincoln L. Co.* 64 Wis. 639; *First Nat. Bank v. Knowles,* 67 id. 373; *Ballin v. Loeb,* 78 id. 404, and cases cited on p. 408; *Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co.* 86 Tex. 143; *Rouse v. Merchants' Nat. Bank,* 46 Ohio St. 493; *Sayler v. Simpson,* id. 510; *State ex rel. Moll v. Brockman,* 39 Mo. App. 131; *Tompson v. Huron*

Ford and others vs. The Plankinton Bank and another.

*L. Co.* 4 Wash. 600; *Robins v. Embry,* 1 Smedes & M. Ch. 207; *Cole v. Millerton I. Co.* 133 N. Y. 164; *Bartlett v. Drew,* 57 id. 587; *Smith Middlings Purifier Co. v. Mc-Groarty,* 136 U. S. 237; *Hastings v. Drew,* 76 N. Y. 9; *Talcott v. Grant W. & S. Co.* 33 Ill. App. 155; *Marr v. Bank of W. T.* 4 Coldw. (Tenn.), 471; *Olney v. Conanicut L. Co.* 16 R. I. 597; *Richards v. N. H. Ins. Co.* 43 N. H. 263; *Jones v. Ark. M. & A. Co.* 38 Ark. 17; *Bunn's Appeal,* 105 Pa. St. 49; *Swepson v. Exchange & D. Bank,* 9 Lea, 713. Also the following cases, which indicate that the courts delivering the opinion hold the same view: *Corey v. Wadsworth,* 11 So. Rep. 350; *Gibson v. Trowbridge F. Co.* 96 Ala. 357; *Goodyear R. Co. v. Geo. D. Scott Co.* id. 439; *Lowry B. Co. v. Empire L. Co.* 91 Ga. 624; *Hill v. Pioneer L. Co.* 113 N. C. 173; *Larrabee v. Franklin Bank,* 114 Mo. 592; *Throop v. Hatch Lith. Co.* 125 N. Y. 530; *Bradley v. Farwell,* 1 Holmes (U. S.), 433; *Thompson v. Reno S. Bank,* 19 Nev. 103; *Sicardi v. Keystone O. Co.* 149 Pa. St. 148; *Hays v. Cit. Bank,* 51 Kan. 535; *Tobin Canning Co. v. Fraser,* 81 Tex. 407; *Chicago Hansom Cab Co. v. Yerkes,* 141 Ill. 320; *Comm. Nat. Bank v. Burch,* id. 519; *Koehler v. Black R. F. I. Co.* 2 Black (U. S.), 715; *Gillet v. Moody,* 3 N. Y. 479; *Beach v. Miller,* 130 Ill. 162; *Consolidated Tank Line Co. v. Kansas C. V. Co.* 45 Fed. Rep. 7; *Howe, Brown & Co. v. Sanford F. & T. Co.* 44 id. 231; *Sawyer v. Hoag,* 17 Wall. 610; *Curran v. Arkansas,* 15 How. 304; *Trustees Mut. Building Fund v. Bosseiux,* 3 Fed. Rep. 817, 837.

NEWMAN, J. The order of the circuit court is questioned upon this appeal only in respect of its direction to the sheriff of Milwaukee county to turn over to the receiver the moneys which he had raised by execution sales of the property of the insolvent corporation defendant, the Lappen Furniture Company. All other parts of the order are unquestioned upon this appeal.

Ford and others vs. The Plankinton Bank and another.

For the purposes of the motion in the court below and of this appeal, the verified complaint, being untraversed, is taken to be true. It charges, in effect, that the defendant the Lappen Furniture Company is an insolvent corporation; that after it became insolvent, and while known to be insolvent both by its directors and the appellant bank, it colluded and conspired with the appellant bank, and certain others of its creditors named, for the purpose of securing to such creditors unjust and inequitable preference over other creditors of such insolvent corporation; that, as a means of effecting the object of such conspiracy, judgments were confessed by such insolvent in favor of such creditors, executions were issued upon such judgments, and property of the insolvent corporation to a large amount was sold, of which sales the moneys so in the hands of the sheriff and directed to be turned over to the receiver are the fruit.

Assuming what is charged to be true, it seems quite clearly to show a proper case for the sequestration of the property and effects of the insolvent corporation, and, *prima facie* at least, that the appellant bank and the other creditors named are not justly entitled to the entire fund in the sheriff's hands, to the exclusion of other creditors of the insolvent corporation.

The law applicable to the question is well settled. The corporation, being only a fictitious body, can act only through agents called "directors." The directors manage the business for the stockholders. For this purpose they hold and manage the business and corporate property as trustees for the stockholders. But when insolvency of the corporation happens then the duty and function of the directors are changed. Then they become trustees for the creditors of the corporation of all the corporate property and rights. They are trustees for all the creditors, and are bound to preserve and administer all the corporate

property in the interest, impartially, of all the corporate
creditors.   Being trustees for all the creditors, they are
incapable of making any preference of their own claims, or
of giving preference to the claims of any creditor.   As be-
tween the creditors, equality is equity.

It is believed that the decisions are uniform, except as
to the last proposition.   Upon the question whether an in-
solvent corporation has the power to prefer some of its
creditors there is a conflict of decisions.   Upon that ques-
tion eminent courts are found arrayed on either side.   In
27 Am. Law Rev., on page 846, is a strong article against
the existence of such power, by Judge Seymour D. Thomp-
son, of the St. Louis court of appeals.   In a note, Judge
Thompson has collected many of the cases upon either side
of the question, showing how widely the courts have dif-
fered.   But in this state it is no longer an open question.
It is settled for this state by the opinion by the present
chief justice in *Haywood v. Lincoln L. Co.* 64 Wis. 639, and
*First Nat. Bank v. Knowles,* 67 Wis. 373.   See, also, *Lyons-
Thomas Hardware Co. v. Perry Stove Mfg. Co.* 86 Tex.
143.

It is within the function of the circuit court to supervise
and compel the directors of insolvent corporations to per-
form their duties as trustees for the corporate creditors in
the administration of the corporate property.   To that
end, in a proper case, by sequestration it will lay hold of
the corporate estate, and administer it by its receiver.   A
proper case for the intervention of the court arises when-
ever execution on a judgment against a domestic corpora-
tion has been returned unsatisfied.   Then the court, in an
action for that purpose by the execution plaintiff, will
sequester the property and effects of the corporation, and
put it into the hands of a receiver, to wind up its affairs
and distribute its assets among its creditors.   R. S. secs.
3216–3228.   To make the sequestration effectual, it will

enjoin other creditors from pursuing their own remedies, and will compel all officers of the law to turn over to the receiver all property of the corporation held by them on attachment or execution, to the end that there shall be a fair and just division of the assets of the corporation among all of its creditors according to law. *Ballin v. Loeb,* 78 Wis. 404. All this is well settled and no longer open to question in this state.

But the appellant contends that the moneys in the sheriff's hands, made upon its executions, were not subject to sequestration as the property of the corporation, because, it claims, the title to those moneys was in it (the appellant) and not in the corporation. Probably the appointment of a receiver can affect only such property as is owned by the insolvent at the time of the appointment. And cases are cited which hold that moneys made on execution, while still in the hands of the sheriff, are the property of the creditor. This may be the law, as between the debtor and the creditor, in an ordinary case; but it is not controlling here, because, for the purposes of this motion and appeal, it is assumed to be true that the moneys which are in the sheriff's hands are the fruit of an illegal combination between the directors of the insolvent corporation and the appellant for the purpose of giving to the appellant an illegal preference over its other creditors. This is a fraud upon the rights of the other creditors. Fraud taints whatever it touches. No right can grow out of a transaction which fraud has touched. So, upon the present showing, it is held that these moneys were properly directed to be turned over to the receiver as a part of the assets of the corporation.

But this does not, of necessity, supersede or displace the appellant's right to the fund. If it has a valid lien, that lien will follow the fund into the hands of the receiver, and the fund will be administered accordingly. The order is

not a final determination of its right. The right is not to be determined on a mere motion; it is to be determined in the action itself. The rights of the creditors are to be adjusted and determined by the final order or judgment in the action. The statute so directs. Sec. 3217, R. S., provides that it shall be the duty of the court, in the final order in the action, to direct a just and fair distribution of the property of such corporation and of the proceeds thereof among its fair and honest creditors, in proportion to their debts respectively, to be paid in the same order as provided in sec. 3245. Sec. 3245 provides that all legal and equitable liens upon the property of such corporation shall be paid in the order of their priority, and before the common debts are paid. The remedy for the enforcement of such rights as the appellant may have is to be sought in the action where the whole estate of the insolvent corporation is being administered. That this is the regular and orderly proceeding in such cases is recognized and made clear by the decision in *Aschermann v. Commercial Bank*, 86 Wis. 612.

*By the Court.*— The order of the circuit court is affirmed.

