[No. 1972.   Decided February 28, 1896.]

THOMAS B. HARDIN, *Receiver, Respondent*, v. E. F.
SWEENEY *et al., Appellants.*

CONSIDERATION—SUBSCRIPTION TO CAPITAL STOCK—CORPORATE AGENTS
— EXTENT OF AUTHORITY — ACTIONS BY RECEIVER — ACTION ON NOTE
— DEMAND.

Promissory notes given to cover subscriptions to the capital stock
of a corporation are based upon a valid consideration, when the
subscriptions are legally enforceable.

A stockholder of a corporation, who deals with its agent, is pre-
sumed to know the scope of the agents authority, and cannot set
up in defense of his contract with the corporation conditions limit-
ing his liability, which the agent had no authority to enter into.

Failure to allege in a complaint by a receiver that he is authorized
to bring the action does not render the complaint obnoxious to a
general demurrer.

A receiver may sue in his own name upon causes of action ex-
isting in favor of the person or corporation for which he has been
appointed.

Demand is not necessary before suit upon a negotiable note pay-
able on demand at a particular place, the bringing of suit being a
sufficient demand of payment.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.   Affirmed.

*Stratton, Lewis & Gilman,* and *Donworth & Howe,* for
appellants.

*Thomas B. Hardin, Pierre P. Ferry,* and *E. B. Palmer,*
for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought by the respond-
ent, as receiver of the Farmers' Insurance Company,
to recover upon three promissory notes made and ex-
ecuted by the appellants to said company, one of said

notes being in the sum of $250, and each of the others being in the sum of $750. All of said notes bear date May 1, 1893, and are payable on demand. A jury having been expressly waived, and the trial court having made its findings and conclusions, judgment was rendered against the appellants, from which they appeal.

1. The first contention is that there was no consideration for the notes, which were given in part payment of subscriptions to the capital stock of said company, appellants insisting that certain of the subscriptions made to the capital stock of said company were fictitious, and not in good faith. The lower court found, however, that "all of said shares of said capital stock had been in good faith subscribed for by *bona fide* subscribers thereto before said corporation commenced business," and an examination of the record satisfies us that the contracts of subscription to which the objection extends were legally enforceable, and that the finding of the court must be sustained.

2. It is next contended that the appellants never consented to a delivery of said notes to the insurance company. The answer of appellants, in effect, is that it was represented to them by the officers and agents of the insurance company, at the time of the signing of the notes, that all of the stockholders of said company should make and deliver to it their notes, respectively, for 15 per cent. of the amount of stock subscribed or held by them; that each of said notes should be signed also by a good and sufficient surety; that thereupon the defendants (appellants) signed the notes in suit, and placed the same in the hands of one W. H. Peter, an agent of the insurance company, to be delivered to defendant on condition that all of the stockholders of the company should make and deliver

their notes, respectively, for 15 per cent. of the stock subscribed or held by them, and that the appellants' notes were not to be delivered until such condition had been complied with; that such condition was never complied with. It appeared at the trial that each of appellants was the holder of fifty shares of stock in said company, of the par value of $5,000; that prior to the execution of the notes in suit the company held the notes of appellant Sweeney in the sums of $250 and $750, respectively, and also held the note of appellant Hadenfeldt in the sum of $750. The trial court found that the appellants executed the notes in this action, "and intrusted the same to said Peter with the statement, understanding, and agreement that the same should be returned to defendants unless all stockholders executed similar notes in lieu of the old notes given by them, in which case the former notes given by the defendants should be returned to them. *But said Peter had not at any time any authority whatsoever from said corporation to make such statements or agreement.* . . . That the defendants delivered the same [the notes in suit] to said Peter, who thereafter delivered the same to the proper officers of said corporation." Also that the said insurance company thereafter returned to the defendants their old notes, and that the same were received and destroyed by the appellants. It further appeared that three of the stockholders of said corporation had failed and neglected to execute their notes to the company, with sureties, for 15 per cent. of the amount of their stock subscription. We think that the appellants, as stockholders of the corporation, were bound to know the scope and extent of the authority of Peter, and, having received, accepted, and destroyed the old notes in lieu of which the ones in suit were given, that they

cannot be heard to urge that they never consented to a delivery of these notes, or that there was no consideration for them. It further appears that the holders of 1,890 of the 2,000 shares of the capital stock of said insurance company gave renewal notes with sureties, in full compliance with the conditions which the appellants herein are urging; and it also further appears that some time after the execution of the notes in suit and a return to the appellants of the old ones appellant Sweeney was elected and served for a time as secretary of said company, during which time he made a voluntary payment of $100 upon the $250 note.

3. Finally, it is insisted that the court erred in overruling the appellants' demurrer to the complaint in this action. The demurrer was a general one. Two objections are here urged in support of it, the first being that it is nowhere alleged in the complaint that the receiver is authorized to bring this action, or any action, in his own name; and, secondly, that as to the $250 note in suit, it is payable on demand at "the National Bank of Commerce," and that the complaint contains no allegation of any demand for payment therein mentioned prior to the commencement of the action.

As to the first of these objections, we think that the want of capacity should appear from the allegations of the complaint. *Phœnix Bank v. Donnell*, 40 N. Y. 410; *Land District v. Feck*, 60 Cal. 403; *Miller v. Luco*, 80 Cal. 257 (22 Pac. 195.) But appellants insist that the receiver "cannot sue on any alleged cause of action existing in another person or corporation. He must show a cause of action in himself." There is much authority in support of the proposition that a receiver cannot bring an action in his own name; that he can

only sue by permission of the court, and then only in the name of the party having the legal right. But a different, and we think a better, rule is upheld by another line of authorities, which, in effect, hold "that the receiver, by virtue of his appointment and of his character as representative of all parties interested in the property, is a *quasi* assignee, and is invested with the title to all rights of action possessed by his principal at the time of the appointment, to such an extent, at least, as will enable him to sue upon them in his official character. This position seems to be entirely reasonable, and to be in accord with other well-recognized rules concerning the powers and duties of the receiver." Beach on Receivers, § 689, and authorities there cited.

As to the second objection urged on demurrer, it is conceded by the learned counsel for appellants that as to notes payable at a specified *place and time* no demand is necessary, and "it is well settled, in this country, that in an action against the maker of a note, made payable at a particular place, it is not necessary to aver or prove a demand of payment at such place. If the maker was ready at the time and place to make payment, he may plead that fact, as he would plead a tender, in bar of damages and costs, by bringing the money into court. . . . *Nor is a presentment necessary, on a bank note payable on demand at a particular place. The bringing of a suit is a sufficient demand of payment.*" *Bridge Co. v. Perry*, 11 Ill. 467; *McKenney v. Whipple*, 21 Me. 98, and the authorities there collated.

The judgment is affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.