[No. 2114.    Decided September 30, 1896.]

WESLEY COMPTON, *Receiver, Respondent,* v. SCHWA-
BACHER BROS. & CO., *Appellant.*

RECEIVERS — LEAVE OF COURT TO SUE — ESTOPPEL — INSOLVENT CORPOR-
ATION — FRAUDULENT PREFERENCE — ATTACHMENT BY CREDITOR —
COSTS.

Leave of the court appointing a receiver to sue is not necessary before instituting suits in matters connected with his trust.

A judgment by confession, made by an insolvent corporation in favor of one of its creditors, who has knowledge of its insolvent condition, and which confession is given and accepted for the purpose of making a preference in favor of such creditor over others, is void as against the other creditors.

A receiver for an insolvent corporation is not estopped from assailing a confession of judgment by the corporation as fraudulent by reason of the fact that in a former receivership the receiver had treated the judgment as valid, and had been discharged by the court upon a false representation that all the debts of the corporation, except a balance on such judgment, had been paid.

The fact that an order of court is made refusing to dissolve an attachment under sec. 318, Code Proc., does not establish the validity of such attachment as against creditors, but it may be attacked by the receiver.

An attachment levied upon the property of an insolvent corporation by a creditor having knowledge of its condition may be set aside, although insolvency proceedings had not been instituted, under the rule in this state constituting the assets of an insolvent corporation a trust fund for the benefit of all its creditors.

An attachment creditor who withholds possession from a receiver of the property of an insolvent corporation, which had been obtained by attachment levy, is not entitled to recover costs paid to the

sheriff for the care and custody of the property levied on, including rent of the premises where the property had been kept, in an action instituted by the receiver to dissolve the attachment.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge.    Affirmed.

*Donworth & Howe,* for appellant.
*Winsor, Bush & Morris, Boyd J. Tallman* and *Allen & Powell,* for respondent.

The opinion of the court was delivered by

GORDON, J.— Respondent is the receiver of the Abrahams Grocery Company. He was appointed and qualified as receiver on the 27th of November, 1894, and subsequently instituted this action for the purpose of restraining the sale of a stock of merchandise belonging to such corporation, which had been levied upon by the sheriff under an execution issued upon a judgment confessed by the corporation in favor of appellant, Schwabacher Bros. & Co. (a corporation), on the 15th of November, 1893. Also, to set aside such judgment and require the sheriff to turn the property levied upon over to the respondent. The ground upon which the relief is sought is that the judgment entered upon confession was made by the Abrahams Grocery Company at a time when the corporation was insolvent, and known by the appellant to be insolvent, and was entered with the intention of creating an unlawful preference over the other creditors of such insolvent corporation, and was accepted for the purpose of hindering, delaying and defrauding the other creditors; and that the property levied upon is all of the property of said corporation. There are other allegations of the complaint attacking the validity of the judgment upon various grounds not neces-

sary to be here considered. The answer denied the allegations of the complaint as to the insolvency of the Abrahams Grocery Company; denied that the confession of judgment was executed for the purpose of giving the appellant a preference; denied the various allegations of irregularity and insufficiency, and set up two affirmative defenses, the second of which is that in addition to the lien created by the levy of an execution based on said judgment of confession upon the property in question, it also had an attachment lien by virtue of a writ of attachment issued on the 27th day of November, 1894, in an action on that day commenced against the Abrahams Grocery Company. The lower court, proceeding without a jury to determine the issues, made its findings and conclusions upon which a decree was entered in favor of the respondent, and the cause was appealed.

1. The first contention is that the court erred in not granting appellant's motion for a non-suit, upon the ground that a receiver cannot bring a suit without first obtaining leave from the court which appointed him. Since the filing of the briefs in this case that question has been determined by this court adversely to the appellant's contention. *Hardin v. Sweeney*, 14 Wash. 129 (44 Pac. 138).

2. It is next contended that the court erred in holding the confession of judgment void. The lower court found as a fact that, at the date of said confession, the corporation making it was indebted to various parties in amounts greatly exceeding the amount of its assets; that it was unable to pay its creditors and continue in business, and was insolvent; and that on that day its president, for the purpose of securing the appellant and paying it out of the assets of the corporation in preference to other creditors, caused said confession

of judgment to be made. It is contended that the evidence is insufficient to justify this finding, but we are satisfied that it is sufficiently supported. Upon the trial it was shown that a receiver had been appointed for the said Abrahams Grocery Company on the 15th of November, 1893, upon the petition of Richard Winsor, secretary of said corporation; that said receiver qualified and entered upon the discharge of his duties; that the creditors of the corporation attacked the validity of appellant's judgment and an issue was thereon framed in said insolvency proceedings; that while said issue was pending, the corporation, at the instance of the appellant, compromised with the contesting creditors; and thereafter the receiver filed a report, representing, among other things, that all of the debts of the corporation had been fully paid, excepting a balance upon appellant's judgment. In this petition he asked permission to turn over to the Abrahams Grocery Company, subject to the lien of appellant's judgment, the goods and chattels remaining in his hands, and that he might be discharged from further custody and control of the same, and released and discharged as receiver. Accompanying this petition was the stipulation of appellant, agreeing to the discharge of the receiver and consenting that the property should be turned over to the corporation subject to appellant's judgment. Thereupon an order was made approving the report of the receiver as to the receipts and disbursements reported by him, and relieving him from further duty.

It was shown by the evidence that a large portion of the indebtedness of the insolvent corporation *had not* in fact been paid by the receiver, but that the officers of said corporation had obtained from certain of its creditors extensions of time for payment, and in

some instances had given renewal notes. It was further made to appear that the appellant had advanced to the Abrahams Grocery Company the sum of $1,000 for the purpose of enabling it to make settlement with its creditors, and that claims against said corporation were compromised for sums less than the amount of its actual indebtedness; that after the receiver had, pursuant to the order of the court, turned back to it the goods and personal effects, it executed a mortgage in favor of the appellant securing said sum of $1,000 advanced for the purposes hereinbefore mentioned; and thereafter the corporation, the Abrahams Grocery Company, resumed business and continued therein until the 27th of November, 1894, upon which day the attachment already referred to was levied, and on the same day the respondent was appointed receiver.

We think that the lower court correctly found that the Abrahams Grocery Company was insolvent at the time when the judgment upon confession was entered, and also at the time when the attachment was levied. We also think that the evidence is sufficient to show that the insolvent condition of said corporation at both of said dates was known to the appellant. We do not think that the respondent, who is the representative of all the creditors of such insolvent corporation, should be estopped from assailing the confession of judgment as fraudulent by reason of the matters occurring in the former receivership proceedings, already noticed. The order discharging the former receiver cannot be held to bar the present action. It simply approved of the accounts of the receiver and of the turning over of the property on hand to the corporation, and beyond that determined nothing. It is clear from the evidence that the receiver in his report attempted to impose upon the court and that his representations

that the debts of the corporation were in fact paid were false. It is also clear that the falsity of the report in this respect was known to the appellant, and we are unable to avoid the conclusion that said receiver was acting under the direction and at the instigation of the appellant. But, however that may be, the evidence was sufficient, we think, to justify the court's conclusion that the judgment by confession was for the purpose of giving the appellant a preference over all other creditors of the then insolvent corporation, and that appellant accepted it for the like purpose. *Conover v. Hull,* 10 Wash. 673 (39 Pac. 166).

3. It appears from the record that after his qualification the respondent moved the court to set aside and dissolve the attachment of November 27, 1894. This motion was made under § 318, Code Proc., and was based upon affidavits. The lower court denied said motion and this court affirmed the order upon appeal. 14 Wash. 225 (44 Pac. 257).

It is urged by appellant that this established the validity of its attachment, and that the lower court was without jurisdiction in this cause to interfere therewith. We are unable to agree with this claim. Sec. 318, *supra*, provides that,

"The *defendant* may at any time after he has appeared in the action . . . apply on motion . . . to the court in which the action is brought . . . that the writ of attachment be discharged on the ground that the same was improperly or irregularly issued."

It clearly appears that the question of the insolvency of the defendant in attachment was not made a ground for dissolution in the motion already referred to. Upon that point this court said in disposing of the appeal:

"We are unable to discover from the record that the appellant corporation is insolvent. . . . It therefore becomes unimportant to determine whether an attachment may be had in this state against the property of an insolvent corporation."

Under the statute already referred to the only parties before the court are the parties to the attachment proceedings. It is the "defendant" who may make the motion, and the court has no jurisdiction therein to determine the rights of other creditors. Plaintiff, *as against the defendant*, might be entitled to an attachment, but an order sustaining it cannot be held to bar other creditors from asserting its invalidity in a proper proceeding. The creditors of this insolvent corporation, whose representative the respondent is, are entitled to their day in court on the question of the validity of this attachment, and the statute referred to does not contemplate that they may be heard in the proceedings upon motion to discharge. We therefore conclude that the order denying the motion to dissolve the attachment cannot be invoked by appellant for the purpose of defeating the jurisdiction of the court in the present proceeding.

4. Our conclusion upon this phase of the case makes it necessary to determine whether an attachment levied upon the property of a corporation which is in fact insolvent at the time of the levy, can be set aside where insolvency proceedings had not been instituted prior to the attachment. Whatever rule may prevail elsewhere, it is now well settled in this state that the assets of an insolvent corporation constitute a trust fund for the benefit of all of its creditors. *Thompson v. Huron Lumber Co.*, 4 Wash. 600 (30 Pac. 741); *Conover v. Hull, supra; McKay v. Elwood*, 12 Wash. 579 (41 Pac. 919).

And we think it must be held that no preference can be maintained, based upon any action or proceeding of a creditor taken with knowledge of the insolvent condition of such corporation. It is wholly inconsistent with the trust fund theory to permit a race of vigilance to be instituted between the creditors of an insolvent corporation. As between them "equality is equity." *Ford v. Plankinton Bank*, 87 Wis. 363 (58 N. W. 766); *Tompson v. Huron Lumber Co.*, 5 Wash. 527 (32 Pac. 536); *Conover v. Hull*, 10 Wash. 673 (39 Pac. 166).

5. Nor do we think that appellant is entitled to recover costs paid to the sheriff for the care and custody of the property levied upon under the attachment, including the rent of the premises where the property was kept. The record discloses that immediately upon qualifying the respondent demanded possession of the property which was refused, and thereafter was obliged to institute proceedings for its recovery. In withholding the property from the receiver, appellant took its chances. It had an opportunity, without incurring such expense, to come in and share ratably with the other creditors of the insolvent corporation. Instead of voluntarily doing so it saw fit to resist, and sought to enforce its claim to a preference. It did so at its peril and must abide the consequences.

The conclusion which we have reached upon the questions already considered makes it unnecessary to determine some minor questions discussed in the briefs of counsel. The decree will be affirmed.

DUNBAR, SCOTT and ANDERS, JJ., concur.