[No. 4168. Decided April 1, 1902.]

WASHINGTON LIQUOR COMPANY *et al., Respondents,* v. ALLADIO CAFE COMPANY *et al., Appellants.*

INSOLVENT CORPORATIONS — ASSETS AS TRUST FUND.

The assets of an insolvent corporation constitute a trust fund for the benefit of all its creditors.

SAME — DISSOLUTION OF ATTACHMENTS — RECORD ON APPEAL.

The dissolution of attachments against a corporation and the appointment of a receiver therefor on the ground of its insolvency and that its assets should be treated as a trust fund for all creditors, will not be disturbed on appeal, when the answer denying the insolvency had not been filed at the time of hearing. upon the motion for dissolution and the record contains no statement of facts or bill of exceptions showing what evidence was before the court.

APPEAL — RECORD — CONTRADICTION BY APPELLANT.

Where appellants bring up a record on appeal they cannot contradict it in the supreme court by affidavits.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Affirmed.

*Judson & Geraghty* and *Samuel R. Stern,* for appellants.

*Graves & Graves* and *T. D. Rockwell,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—On July 5, 1901, appellants sued out and levied writs of attachment upon the property of the Alladio Cafe Company, a corporation in the city of Spokane. On the next day respondents filed in the superior court of Spokane county a complaint against the defendant, the Alladio Cafe Company, a corporation, alleging the insolvency of said corporation, that it had ceased to do business, and that they were creditors of said corporation, and praying for a receiver of the assets of said corporation. On the same day a receiver was appointed temporarily. On the 9th an amended complaint was filed, making the respondents and R. C. Harbord, the officer who had levied the writs, and who was in charge of the assets of the corporation thereunder, parties thereto. On the 10th, all the parties appearing except the defendant Alladio Cafe Company, the court made an order appointing a receiver, and directing him to take charge of all the property of the corporation; reserving the question of priority of claims of attaching creditors. Subsequently, on September 25, 1901, the cause came on for hearing on motion to dissolve the attachments; and the court made an order dissolving the attachment of respondents, and declaring their claims general claims against the assets of the corporation, and

12—28 WASH.

adjudging that the same share ratably with the other creditors thereof. From this order an appeal is taken.

We are urged by appellants to reconsider the decisions of this court wherein it has been announced that the assets of an insolvent corporation are trust funds for all the creditors thereof. Without again entering into a discussion of that question, we desire to say, in the language of *Compton v. Schwabacher Bros. & Co.,* 15 Wash. 306 (46 Pac. 338), that, "whatever rule may prevail elsewhere, it is now well settled in this state that the assets of an insolvent corporation constitute a trust fund for the benefit of all of its creditors." We are satisfied with that rule.

It is insisted here that the allegations of insolvency in the complaint were denied by the answer, and that when the court was considering the question upon the motion the answer denying insolvency, though not filed, was before the court, and considered by the court, and therefore upon this appeal it must be conceded that the corporation was not insolvent, because no evidence was offered or received at the hearing. It appears from the record that the motion was heard and decided and the order entered on September 25, 1901. The answer was not filed until October 14th, thereafter. It is admitted by counsel for respondents that the answer was served on them prior to the hearing. No statement of facts or bill of exceptions is brought here. The court below, when requested to certify to this court that he had considered the answer and the allegations therein upon the motion, expressly refused to do so. Affidavits were subsequently filed in this court contradicting the record in this respect, and we are asked, in case we conclude there is not sufficient in the record to show that the court below did consider the answer which was not filed, to grant a writ of mandamus compelling the judge to

certify the facts as they appeared before him, or to extend
time to the appellants to get a *nunc pro tunc* order from
the court below filing the answer prior to the hearing.
Such practice cannot be tolerated.   Appellants have made
their record.   They have brought it here, and attempted
to contradict it by affidavits.   If the record is not correct,
they had ample remedy and opportunity to make it so be-
fore the cause was submitted.   They cannot be permitted
to try their cause upon the record as they bring it here,
and, if not successful, have a re-trial upon some other
record.

The cause will be affirmed.

REAVIS, C. J., and FULLERTON, HADLEY, WHITE,
ANDERS and DUNBAR, JJ., concur.