[No. 5377.   Decided May 1, 1905.]

JOHN SODER, *Appellant,* v. ADAMS HARDWARE COMPANY *et al., Respondents.*[1]

APPEAL AND ERROR—RECORD—AFFIDAVITS HOW BROUGHT UP—CONTINUANCE. Affidavits used on a hearing of an application for a continuance, and affidavits after judgment contradicting the recitals of the judgment, cannot be considered on appeal when not brought up in a statement of facts.

CONTINUANCE—COSTS UPON GRANTING—ACTIONS—DISMISSAL. Upon granting a continuance upon the application of the plaintiff, the court may impose the payment of costs within 30 days, and dismiss the action, without prejudice, at the cost of plaintiff, upon nonpayment of the costs of the continuance within the time fixed.

SAME—APPEAL—REVIEW—IMMATERIAL ERROR. Upon dismissing a case for nonpayment of the costs of a continuance, error in overruling a demurrer to affirmative defenses is immaterial.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered May 23, 1904, dismiss-

[1]Reported in 80 Pac. 775.

ing an action for nonpayment of the costs of a continuance. Affirmed.

*P. C. Dormitzer,* for appellant.

*A. W. Buddress,* for respondents.

PER CURIAM.—This action was brought to recover damages for the cutting of timber on lands owned by the plaintiff. On the 20th day of April, 1904, the .court granted a continuance, on the application of the plaintiff. The order recited that no sufficient cause for a continuance had been shown, but that, upon the payment of the sum of $20 costs to defendants, before the 21st day of May, 1904, the cause would stand continued until the 26th day of May, 1904; and if the plaintiff failed to pay said sum into court on or before the 21st day of May, 1904, the plaintiff's complaint would be dismissed without prejudice, and with costs to defendants. On the 23d day of May, 1904, the court entered its judgment, reciting the order of continuance and the nonpayment of the terms imposed, and dismissed the action without prejudice, at the plaintiff's cost. From this judgment the plaintiff appeals.

Two affidavits filed on the hearing of the application for a continuance, and two affidavits filed long after the rendition of the final judgment, contradicting the recitals therein contained, have been sent up with the transcript. There is no statement of facts or bill of exceptions, and therefore these affidavits cannot be considered, under the uniform rulings of this court. *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487, and cases cited.

With these affidavits eliminated from the record, there is nothing before this court for review. It was clearly within the power of the lower court to enter the order found in the record, on the application for a continuance, and to

dismiss the action for a failure to comply therewith; and its action in so doing will be presumed to be regular and in accordance with law until the contrary is shown.   The appellant assigns as error the overruling of the demurrer to the affirmative defenses in the answer; but if the action was properly dismissed, it is immaterial whether the affirmative defenses were good or bad.   The judgment of the court was not founded upon them, but was based upon other and different grounds.

The judgment is therefore affirmed.