[No. 5866. Decided March 23, 1906.]

CLAY ALLEN, *as Receiver of the De Soto Placer Mining Company, Respondent,* v. MARION B. BAXTER *et al., Appellants.*[1]

APPEAL—RECORD—REVIEW—AFFIDAVITS NOT BROUGHT UP. An assignment of error in denying a motion for a change of venue will not be considered by the supreme court when the affidavits used at the hearing are not brought up by a bill of exceptions or statement of facts.

PLEADING—APPOINTMENT OF RECEIVER—OBJECTION TO GENERAL ALLEGATIONS. In an action by a receiver, an objection that the allegations of the complaint as to the appointment of a receiver are not sufficiently specific cannot be raised by demurrer.

RECEIVERS—ACTIONS—LEAVE OF COURT. In an action by a receiver it is not necessary to allege leave of court to bring the action.

CORPORATIONS — INSOLVENCY — ACTION BY RECEIVER — CREDITOR'S KNOWLEDGE OF INSOLVENCY—SETTING ASIDE EXECUTION. In an action by a receiver of an insolvent corporation to set aside an attachment and execution in favor of a creditor, it is not necessary to allege that the creditor knew the corporation to be insolvent at the time of the commencement of the action, where the corporation was in fact insolvent at the time the attachment was sued out; since its assets thus became a trust fund for creditors.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered June 22, 1905, upon sustaining a demurrer to the defendants' answer, setting aside an attachment and execution levy in favor of a creditor, at the suit of the receiver of an insolvent corporation. Affirmed.

*I. D. McCutcheon,* for appellants.

*Byers & Byers (Clay Allen,* of counsel), for respondent.

MOUNT, C. J.—This action was brought in Snohomish county. The complaint, omitting formal parts, is as follows:

"(1) That the DeSoto Placer Mining Company is a foreign corporation, organized under the laws of the state of

[1] Reported in 85 Pac. 26.

West Virginia, and authorized to transact business in the state of Washington. (2) That during all the times hereinafter mentioned and until the appointment of a receiver, the said corporation was maintaining an office in the city of Seattle, King county, Washington, where service could be had upon said corporation. (3) That on the 29th day of March, 1904, the said Marion B. Baxter filed her complaint in this court against the DeSoto Placer Mining Company as defendant, which said action is docketed and numbered as No. 42347, wherein she sought to recover from the said defendant for services rendered the sum of $3,000. (4) That afterwards, to wit, on March 30, 1904, a writ of attachment against the certain property of the DeSoto Placer Mining Company hereinafter described was sued out, issued and directed to the said Frank P. Brewer, sheriff of Snohomish county, Washington, for service; that the said Frank P. Brewer, as sheriff of Snohomish county, made service of said writ of attachment by filing the same with the auditor of said county; that the said DeSoto Placer Mining Company entered its appearance by general denial in said action. (5) That afterwards, to wit, on the 20th day of October, 1904, judgment was rendered in favor of the said Marion B. Baxter and against said DeSoto Placer Mining Company in the sum of $3,000, with interest. (6) That on the 20th day of October, 1904, a writ of execution against the property hereinafter described was issued out of this court, and directed to the said Frank P. Brewer, as sheriff of Snohomish county, for execution, and service of said writ was made by filing the same with the auditor of said county. (7) That on the 23d day of July, 1904, one Arthur G. Mather was regularly appointed as receiver for all the property and assets of the DeSoto Placer Mining Company, in an action wherein one Louis L. Lang was plaintiff and the DeSoto Placer Mining Company was defendant. (8) That afterwards, to wit, on the —— day of November, 1904, the said Arthur G. Mather was, at his own request, removed as said receiver, and the plaintiff herein was, on the 16th day of November, 1904, by order of the Hon. George E. Morris, judge of the said superior court of King county, Washington, appointed as receiver of the property and assets of the DeSoto Placer Mining Company. (9) That the said receiver before bringing his action in this court has filed his oath and been

regularly qualified as such receiver. (10) That at the time
of the filing of the suit of the said Marion B. Baxter against
the DeSoto Placer Mining Company, and at the time of the
issue and service of the writ of attachment thereunder, and
at the time of the issue and service of the writ of execution,
and the judgment obtained in said suit, the DeSoto Placer
Mining Company was wholly insolvent. (11) That prior to
all the dates hereinbefore mentioned, to wit, on or about the
month of November in the year 1903, practically all of the
real estate and personal property of the said company had
been conveyed, transferred and leased to the said company.
(12) That the debts and liabilities due from said company
to its creditors at the time of the filing of the said Marion B.
Baxter's complaint, aggregated approximately the sum of
$90,000, and the property and assets at that time belonging to
the said company did not exceed in value and does not now
exceed in value the sum of $10,000, including the property
hereinafter described. [Then follows a long list of real prop-
erty and mining claims located in Snohomish county, Wash-
ington.] (13) That the said Frank P. Brewer, as sheriff of
Snohomish county, is authorized to sell the property herein-
before described in said writ of attachment under said execu-
tion. (14) That there is little or no property of said com-
pany available to pay the debts due the creditors of the com-
pany; that said Marion B. Baxter and the other defendant
herein, should sale be made of the property hereinbefore de-
scribed and proceeds thereof appropriated, the said Marion B.
Baxter will receive approximately the full amount of her
claim against the said company, while the other creditors
herein will take nothing.

"Wherefore the plaintiff prays that the claim of said
Marion B. Baxter be declared a general claim against said
corporation; that the levy under the writ of attachment and
the levy of the writ of execution sued out by these defend-
ants be dissolved and set aside; that the property herein be
given into the control of the receiver as an asset of said cor-
poration.'

The defendants appeared in the action and filed a general
demurrer to the complaint, upon the ground that it did not
state facts sufficient to constitute a cause of action. At the
same time, the defendants demanded a change of venue to

King county, upon the ground that the principal defendant resided in King county, and that all of the defendants' witnesses resided in King county. This motion was heard and denied on January 31, 1905. Thereafter the demurrer was heard, and on June 22, 1905, was overruled. Defendants elected to stand on their demurrer, and a judgment was entered as prayed for in the complaint. The defendants appeal, alleging (1) that the court erred in denying the demand for a change of the place of trial; (2) in overruling the demurrer.

No statement of facts or bill of exceptions is brought here under certificate of the trial judge. Several affidavits for and against the demand for a change of the place of trial are embodied in the transcript, which is certified by the clerk as being "a full, true and correct copy of so much of the records and files as the appellant deems material to a review of the matters embraced in this appeal." Respondent moves to strike all these affidavits, for the reason that they have not been incorporated in the record by a statement of facts or bill of exceptions. This motion must be sustained. We have often and uniformly held that we will not review questions of fact presented to the lower court, unless all the material facts presented to the trial court are brought here by bill of exceptions or statement of facts properly certified by the trial judge. *State v. Humason,* 5 Wash. 499, 32 Pac. 111; *Clay v. Selah Valley Irr. Co.,* 14 Wash. 543, 45 Pac. 141; *Jacobson v. Lunn,* 16 Wash. 487, 48 Pac. 237; *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487; *Soder v. Adams Hardware Co.,* 38 Wash. 607, 80 Pac. 775.

Appellant argues that the complaint is not sufficient, because it does not allege that the respondent was the duly qualified and acting receiver at the time the action was begun; that the mere allegation that he was appointed and qualified is not sufficient; that the complaint fails to show in what case or court the respondent was appointed receiver. It is sufficient to say of these objections that they are not such as

can be raseid by demurrer under our code practice. They might have been raised by a proper motion, but not by demurrer. In *Isaacs v. Holland*, 4 Wash. 54, 29 Pac. 976, this court, quoting from an earlier territorial case, said:

"A suitor is no longer to be turned out of court, if by making all reasonable intendments in his favor enough can be seized hold of in his pleadings to show that he has rights which ought to be enforced. He may be required on motion to conform his statement to the rules of good pleading, and if he refuse, may be turned out of court; but as against a demurrer, the office of which is to raise a substantial issue on the law of the case, and not on the law of practice and pleading, evidentiary facts, and even inferences from averments amounting to mere conclusions of law will be considered in his favor."

Appellants contend further that the complaint is insufficient, because it does not show that the receiver has obtained leave of court to bring the action. This court held otherwise in *Hardin v. Sweeney*, 14 Wash. 129, 44 Pac. 138, and *Compton v. Schwabacher Bros. & Co.*, 15 Wash. 306, 46 Pac. 338. Appellants also contend that the complaint is insufficient, because it contains no allegation that the appellants knew that the corporation was insolvent at the time the attachment was sued out. We think this is not necessary. If, as a matter of fact, the corporation was insolvent at the time of the levy of the writ, the funds of the corporation were trust funds for the benefit of the creditors thereof. *Compton v. Schwabacher Bros. & Co., supra; Washington Liquor Co. v. Alladio Cafe Co.*, 28 Wash. 176, 68 Pac. 444; *State ex rel. Krisch v. Superior Court*, 36 Wash. 91, 78 Pac. 461. As against a general demurrer, it will be presumed that appellants had knowledge of the fact.

The court properly overruled the demurrer, and the judgment is therefore affirmed.

ROOT, DUNBAR, CROW, FULLERTON, and HADLEY, JJ., concur.