[No. 20493.  Department One.  September 30, 1927.]

## O. C. ELLIOTT, *as Receiver, Respondent,* v. H. E. FOSTER *et al., Appellants.*[1]

[1] APPEAL (389)—AMENDMENTS REGARDED AS MADE. A receiver's complaint upon an unpaid subscription, will, on appeal, be deemed amended to conform to proof that the subscription had been accepted.

[2] CORPORATIONS (46)—SUBSCRIPTION TO STOCK—ACTIONS ON ASSESSMENT. A receiver's complaint upon an unpaid stock subscription for which an assessment was levied by the corporation before the receivership, is not demurrable for failure to allege an assessment by the receiver.

[3] RECEIVERS (78)—LEAVE OF COURT TO RECEIVER TO SUE. Approval by the court before suit is not necessary to an action by the receiver of an insolvent corporation upon a debt owing the corporation.

Appeal from a judgment of the superior court for King county, Douglas, J., entered June 26, 1926, upon findings in favor of the plaintiff, in an action by a receiver of a corporation to recover an unpaid stock subscription, tried to the court.  Affirmed.

*Harry Foster,* for appellants.
*Spencer Gray,* for respondent.

¹Reported in 259 Pac. 716.

ASKREN, J.—This is another action by the receiver to collect assessments from the subscribers to stock in the Thrift Club. *Melville v. Rhodes,* 136 Wash. 220, 239 Pac. 560. It appears from the evidence that the defendant, a lawyer by profession, subscribed for one share of stock, payable at ten dollars per month. There was a nominal charge of one dollar made at the time of subscription, which was paid, together with a ten dollar payment. No further payments were made. Assessments were made against the stock, prior to receivership, to recover which this action was brought.

As a defense to the suit, it was alleged that the subscription was obtained through fraud, and prayer was made for the return of the eleven dollars paid. After trial, the court gave judgment for plaintiff, and defendants appealed.

There was no evidence to establish the claim of fraud, even assuming that fraud is a defense in an action of this character by a receiver. Appellant testified that he was promised twenty per cent yearly dividends, but that he questioned the ability of the organization to do so; that he thought it was a wild-cat scheme and decided that he would take a flyer on it. It was not even claimed that any fraud was perpetrated, until after suit was brought, and we conceive this claim to be without merit.

[1] It is claimed, also, that the subscription was not binding until accepted, and that, since it did not appear from the complaint that it was accepted, the demurrer should have been sustained. But the case proceeded to trial and evidence of acceptance was introduced. Under the well established rule that the complaint will be deemed amended to conform to the proof, no error can be predicated on this point.

[2] It is also claimed that the complaint was demurrable for failure to allege notice of hearing for the assessment, by the court, of the stock. It should be

borne in mind that this is not an assessment by a receiver, wherein there is established the amount due from stockholders to pay the corporation debts, but is an action to recover an assessment regularly placed before the receiver took charge, and agreed upon in the written subscription. Such an assessment is a debt owing to the corporation, whether it be solvent or not. Having been regularly placed against the stock, the whole amount is due and owing to the corporation, or the receiver, when appointed, irrespective of how much is needed to pay approved debts.

[3] Nor is approval of the court required before bringing suit. *Compton v. Schwabacher Bros. & Co.,* 15 Wash. 306, 46 Pac. 338; *Hardin v. Sweeney,* 14 Wash. 129, 44 Pac. 138; *Allen v. Baxter,* 42 Wash. 434, 85 Pac. 26.

The judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.