[No. 5100.   Decided November 10, 1904.]

THE STATE OF WASHINGTON, *on the Relation of Frank Krisch, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Defendants.*[1]

CORPORATIONS—INSOLVENCY—ASSETS A TRUST FUND—ATTACHMENT—PREFERENCE. The assets of an insolvent corporation are a trust fund for the benefit of all its creditors, and a creditor can acquire no preference by the levy of a writ of attachment.

SAME—RECEIVERS—POSSESSION OF ATTACHED PROPERTY. As between the receiver of an insolvent corporation, and a creditor having a prior attachment lien, the solvency of the corporation at the time the writ was levied determines the right to the possession of the attched property.

SAME—DETERMINATION OF INSOLVENCY—PARTIES. Where a corporation is adjudged insolvent and a receiver appointed, without bringing in or concluding a creditor holding a prior attachment, but the creditor subsequently becomes a party to the suit by intervention, the question of the solvency of the corporation may be thereafter determined in the same action, upon the receiver's petitions alleging insolvency and a citation to the creditor directing him to show cause why he should not surrender the property, at which time he may litigate the question.

Application to the supreme court for a writ of prohibition, filed April 6, 1904, to enjoin the superior court for King county, Bell, J., from enforcing orders to deliver property to a receiver. Writ denied.

*Willett & Willett,* for relator.

*H. E. Foster,* for defendants.

MOUNT, J.—Application for a writ of prohibition. Upon the return to the show-cause order heretofore issued in this case, the following facts appear: Upon February 24, 1904, relator, who is a stockholder in the Interstate Fisheries Company, a corporation, brought two actions

[1]Reported in 78 Pac. 461.

in King county against that corporation. One of the actions was based upon an alleged indebtedness for services, and the other, for damages on account of fraudulent representations in the sale of stock to relator by certain officers of the corporation. On the same day the actions were begun, relator sued out a writ of attachment in each of said cases, by virtue of which writ the sheriff of King county seized, and took into his possession, all the property of the corporation.

On the 26th day of February, 1904, another stockholder, George Hemmi, brought an action against the said corporation, alleging an indebtedness due him from said corporation, and the insolvency of the corporation,. and praying for the appointment of a receiver. Neither the relator nor the sheriff was made a party to this action. On the same day that this last named action was brought, George S. Casedy, the manager of the corporation, appeared therein, and confessed the allegations of the complaint of Hemmi against the corporation, and consented to the appointment of a receiver. Thereupon the court appointed said Casedy receiver, and directed him to take possession of all the property of the corporation. The sheriff and the relator, who was placed in charge of the attached property as keeper thereof, refused to deliver the property to the receiver. Relator then filed a petition in intervention, in the action of Hemmi against the Interstate Fisheries Company, alleging that the said corporation was not indebted to said Hemmi in any amount, but that Hemmi was largely indebted to said corporation; and further alleged fraud and collusion on the part of said corporation and its manager Casedy, whereby the said Casedy was appointed receiver. Subsequently, on April 4, 1904, Casedy, as receiver, filed a petition in said cause of Hemmi against the Interstate Fisheries Company, alleging that the

sheriff of King county was in possession of all the property
of said corporation, under the writs of attachment named
above, and that he refused to deliver possession of said
property to said receiver, and also that the said Interstate
Fisheries Company was insolvent at the time said writs
were sued out; and prayed for an order directed to the
sheriff and relator requiring them to show cause why the
property of said corporation should not be delivered to the
receiver.  A show cause order was issued, as prayed.  Re-
lator thereupon applied to this court for a writ prohibiting
the lower court from interfering with the possession of the
attached property in the hands of the sheriff.

Assuming, without deciding, that this is a proper case
for the writ of prohibition, it must be denied.  This court
has held, in *Thompson v. Huron Lumber Co.,* 4 Wash. 600,
30 Pac. 741, 31 Pac. 25; *Conover v. Hull,* 10 Wash. 673,
39 Pac. 166, 45 Am. St. 810; *Compton v. Schwabacher
Bros. & Co.,* 15 Wash. 306, 46 Pac. 338; and *Washington
Liquor Co. v. Alladio Cafe Co.,* 28 Wash. 176, 68 Pac.
444, "that the assets of an insolvent corporation are a trust
fund for the benefit of all its creditors."  This being the
rule, an attaching creditor acquires no preference over
other creditors, by reason of attachment, when the corpora-
tion is insolvent at the time of the levy of the writ.  *Comp-
ton v. Schwabacher Bros. & Co., supra.*  The question,
therefore, which determines the right of relator to the
property of the corporation, in preference to the other
creditors, is the solvency of the corporation.  This question
was determined by the court in Hemmi v. The Interstate
Fisheries Co., when the receiver was appointed.  But
neither the relator nor the sheriff was made a party to that
action.  They were, therefore, not bound by that adjudica-
tion.  But, after that adjudication was made, and after
relator had become a party by intervention to the action in

which it was made, the receiver applied to the court, by petition, alleging the insolvency of the corporation, and thereupon a citation was issued to the sheriff and relator, directing them to appear and show cause why they should not deliver possession of the property of the corporation to the receiver. Upon a return to this order, they, of course, will have an opportunity to litigate the solvency of the corporation, which determines their rights.

Counsel for relator, however, relies upon the rule announced by this court in *State ex rel. Arthur Machinery Co. v. Superior Court,* 7 Wash. 77, 34 Pac. 430, and *State ex rel. Hunt v. Superior Court,* 8 Wash. 210, 35 Pac. 1087, 25 L. R. A. 354. The first of these cases is not in point, for the reason that the attachment debtor was a private person, and his property was not subject to the same rule as that of an insolvent corporation. The next case is in point to the effect that the receiver is not authorized to take possession of the property in possession of the sheriff, under an attachment levied prior to the appointment of a receiver, where the sheriff and the attaching creditors were not made parties to the action in which the receiver was appointed. But in the case now before us, the sheriff and the attaching creditor are brought into the case by citation, and are thereby afforded an opportunity to have their rights adjudicated upon hearing. In this respect this case is distinguishable from the *Hunt* case, *supra.* It is true, the court in that case said: "Under such circumstances the receiver must resort to an action at law to obtain possession." But this, of course, means any suitable action in accord with legal principles. We think that, where the only question as to the rights of the parties to the possession of the corporate property depends upon the solvency of the corporation, the court may proceed to determine that ques-

tion, as was being done in this case when the temporary writ issued.

For the reasons herein given, the court was acting within its jurisdiction, and the writ is therefore denied. Costs will be taxed against relator.

FULLERTON, C. J., and DUNBAR, ANDERS, and HADLEY, JJ., concur.