[Nos. 10869, 10880.  Department One.  March 17, 1913.]

FIRST NATIONAL BANK OF EVERETT, *Appellant*, v.
T. F. WILCOX, *Receiver etc., Respondent.*

NORTH COAST DRY KILN COMPANY, *Appellant*, v.
T. F. WILCOX, *Receiver etc., Respondent.*[1]

CORPORATIONS — RESIDENCE — SALES—CONDITIONAL SALES BY COR-
PORATION—FILING—COUNTY OF RESIDENCE.  Under Rem. & Bal. Code,
§ 3679, providing that the articles of incorporation of a company
shall contain the name of the city and county in which the prin-
cipal place of business is to be located, the "residence" of the cor-
poration is at such place, within the meaning of Id., § 3670, requiring
conditional sales of personal property to be filed in the auditor's of-
fice of the county wherein the vendee "resides" at the date of taking
possession of the property; hence a filing in another county where
the company had a mill and where the property was situated is not
notice to creditors of the vendee; especially in view of the further
section, Id., § 3708½, requiring corporations to fix their principal
place of business, which must be held to be their residence.

SAME—AMENDING ARTICLES—CHANGING PRINCIPAL PLACE OF BUSI-
NESS.  The filing of articles of incorporation in such other county
where the mill and property was located, is not an amendment of
the articles changing the residence of the corporation to such coun-
ty, where the articles filed stated that the principal place of busi-
ness was in the county originally fixed in the articles; especially in ·
view of Rem. & Bal. Code, §3679, providing the method of amend-
ing articles and § 3708½, providing for the filing of a certificate
thereof, in case it is desired to remove the principal place of busi-
ness to another county.

Appeals from judgments of the superior court for Che-
halis county, Irwin, J., entered August 6, 1912, dismissing
actions consolidated for trial, to recover personal property
or its price.  Affirmed.

[1]Reported in 130 Pac. 756; 131 Pac. 203.

*Cooley & Horan* and *R. Mulvihill*, for appellant First National Bank.

*Paul B. Phillips*, for appellant North Coast Dry Kiln Company.

*B. G. Cheney* and *Hayden & Langhorne*, for respondent.

MOUNT, J.—These two actions were begun independently by the petitioners against the receiver of the Syverson Lumber & Shingle Company, an insolvent corporation, to obtain possession of certain machinery, or to have the contract price of the machinery adjudged a preferred claim against the insolvent estate. The actions were consolidated for trial. The trial court denied the prayers of the petitions, and these appeals followed.

Both cases are based upon the same facts. There is no substantial dispute upon the facts. It appears that, in the year 1911, appellants, under separate conditional sales contracts, sold and delivered to the Syverson Lumber & Shingle Company certain mill machinery. These contracts provided for certain stated payments, and that, if payments were not made as agreed, the vendors might retake the property. These contracts were filed for record in Chehalis county, where the mill of the Syverson Lumber & Shingle Company and the machinery in question were located. The Syverson Lumber & Shingle Company was a corporation organized under the laws of this state. Its articles of incorporation provided that its "principal place of business is at Tacoma, Pierce county, State of Washington." It maintained its head office in Tacoma, but its mill was located at Montesano, in Chehalis county. The products of the mill were kept and sold at Montesano. Some few sales, however, were made from the Tacoma office. After the execution of the conditional sales contracts above mentioned, the Syverson Lumber & Shingle Company made default in their payments, and subsequently that company became insolvent and T. F. Wilcox was appointed a receiver thereof, for the benefit of all the

creditors. He qualified as such receiver, and took posses-
sion of all the property of the corporation, including the ma-
chinery sold under the conditional sales contracts above re-
ferred to. The appellant afterwards brought these pro-
ceedings as above stated. It will be noticed that the con-
tracts were filed for record in Chehalis county, while the prin-
cipal office of the vendee, Syverson Lumber & Shingle Com-
pany, is designated in its articles of incorporation as Tacoma,
in Pierce county. The question in the case, therefore, is
whether the conditional sales contracts are valid as to
creditors.

The statute provides, at § 3670, Rem. & Bal. Code:

"All conditional sales of personal property, or leases there-
of, containing a conditional right to purchase, where the
property is placed in the possession of the vendee, shall be
absolute as to the purchasers, encumbrancers, and subsequent
creditors in good faith, unless within ten days after taking
possession by the vendee, a memorandum of such sale, stating
its terms and conditions and signed by the vendor and
vendee, shall be filed in the auditor's office of the county,
wherein, at the date of the vendee's taking possession of the
property, the vendee resides."

It is argued by the appellants with much force that, inas-
much as the mills of the vendee and the machinery sold were
located in Chehalis county and the principal business done
there, Chehalis county should be held to be the residence of
the corporation. Such holding would render the statute
relating to corporations uncertain and of no substantial
force. The statute, at § 3679, Rem. & Bal. Code, provides
what the articles of incorporation shall contain, and among
these provisions that "the name of the city, town, or locality
and county in which the principal place of business of the
company is to be located," shall be stated. Articles of incor-
poration are required to be executed in triplicate, one to be
filed in the office of the secretary of state, one in the county
designated as the principal place of business, and one kept
by the corporation. The object of these provisions is to

give the corporation a certain known place of residence, and to give notice of the principal place of business to all who may have dealings with the corporation. As indicating that the principal place of business as stated in the articles of incorporation is a material provision, § 3708½ provides:

"The formation or corporate acts of any corporation hereafter formed under this chapter shall not be rendered invalid by reason of the fact that its principal place of business may not have been designated in the certificate of incorporation: *Provided,* That within three months from the passage of this chapter, such corporation shall cause publication to be made once a week for at least four weeks in the newspaper published nearest the city, town, or locality, and where the principal place of business of such corporation has been in fact located, designating the city, town, or locality and county where its principal place of business shall be located. On compliance with the provisions of this section in the several cases herein mentioned, the principal place of business of any corporation shall be deemed established or removed at, or to any designated city, town, or locality and county in the state."

It will thus be seen that corporations are required to fix their principal place of business in their charter. This principal place of business must be held to be the residence of the corporation.

"It is often necessary to ascertain the residence or domicile of a corporation within the state by or under whose laws it was created, not only for the purpose of determining the jurisdiction of the state courts in actions by or against the corporation, but also for the purpose of determining the application of statutes in relation to taxation and various other matters. The question is sometimes settled by express statutory provision, but this is not always the case. The general rule is that the residence or domicile of the corporation within the state is in that county, city, or town, and that one only, in which it has its general or principal office and conducts its business. . . ." 1 Clark and Marshall, Private Corporations, § 122.

See, also, *Union Steamboat Co. v. Buffalo*, 82 N. Y. 351; *Cohn v. Central Pac. R. Co.*, 71 Cal. 488, 12 Pac. 498;

*Creditors v. Consumers' Lumber Co.*, 98 Cal. 318, 33 Pac. 196; *Pelton v. Transportation Co.*, 37 Ohio St. 450.

In the last case cited the court said, at page 455:

"For many purposes, a corporation is regarded as having a residence—a certain fixed domicile. In this state, where corporations are required .to designate in their certificates of incorporation the place of the principal office, such office is the domicile or residence of the corporation. The principal office of a corporation, which constitutes its residence or domicile, is not to be determined by the amount of business transacted here or there, but by the place designated in the certificate. True, several offices may be established at the place specified in the certificate, as it is sufficient, under this statute, to specify the 'county *or* place.' But where a single office is established in the county or township, or city, or other place designated, no further inquiry as to the identity of the principal office is admissible."

We are clear, therefore, that the place designated in the charter of local corporations as their principal office or place of business must be held to be the residence of such corporations. This being true, it follows that the conditional sales contracts were of no effect as to creditors of the vendee, because the contracts were not filed in the auditor's office of Pierce county, where the vendee resided.

The judgment is therefore affirmed.

Crow, C. J., Chadwick, Gose, and Parker, JJ., concur.

### On Petition for Rehearing.

[ Decided April 8, 1913.]

Mount, J.—The appellant First National Bank of Everett has filed a petition for a rehearing herein because we failed to notice the contention that the place of residence of the corporation was changed to Chehalis county before the conditional bill of sale, dated August 25, 1911, was filed. It is true that a copy of the articles of incorporation was filed in Chehalis county before August 25, 1911, but the articles so. filed stated that the principal place of business

of the corporation was Tacoma, in Pierce county. There was no amendment to the articles changing the principal place of business or residence, as required by § 3679, Rem. & Bal. Code; while § 3708½, Rem. & Bal. Code, provides that "any corporation desiring at any time to remove its principal place of business into some other county in the state shall file in the office of the county auditor a certified copy of its certificate of incorporation." This provision should be read in connection with § 3679, *supra*, in reference to amendments. That is to say, the stockholders or trustees must make the amendment changing the residence, and the same must be certified in triplicate and filed as in case of original articles. Otherwise confusion and embarrassment would result. The mere filing of the old articles in Chehalis county, stating that the residence was Pierce county, did not give notice of a change of residence, but had the effect of notice that the residence was not changed. The residence was not changed by a mere filing of the unamended articles in another county.

The petition is therefore denied.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.