[No. 12255.  Department Two.  May 29, 1915.]

PACIFIC COLD STORAGE COMPANY, *Appellant*, v. PIERCE COUNTY *et al., Respondents.*[1]

TAXATION—PROPERTY SUBJECT—SHIPPING—EXEMPTIONS—CONSTITUTIONAL LAW.  Under Const., art. 7, § 2, providing that the legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, Rem. & Bal. Code, § 9093, is unconstitutional in so far as it exempts from taxation ships or vessels whose situs is within this state, when they are used exclusively in trade between this state and other states and territories of the United States, or foreign countries.

TAXATION—SHIPPING—SITUS OF VESSEL.  The permanent situs of a vessel engaged in foreign or domestic trade, for the purposes of taxation, is fixed by the domicile of the owner, where the port of registry and home port are in the same place and the vessel has not acquired a situs elsewhere.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 9, 1914, in favor of the defendants, upon the pleadings, dismissing an action to cancel a tax.  Affirmed.

*A. R. Titlow* and *J. A. Shackleford*, for appellant.

*Lorenzo Dow, H. G. Fitch*, and *A. B. Comfort*, for respondents.

FULLERTON, J.—The appellant, Pacific Cold Storage Company, during the year 1913, and for a number of years prior thereto owned a steamship, known as the Elihu Thompson. In the year named, the assessor of Pierce county caused the vessel to be listed on the tax rolls of that county as property of the appellant subject to taxation therein, and afterward a tax was duly levied against the vessel in the sum of $977.40. This action was instituted by the appellant to set aside the tax so levied.  Relief was denied it in the court below, and this appeal followed.

[1]Reported in 149 Pac. 34.

The appellant is a corporation organized and existing under the laws of the state of Washington, having its domicile and principal place of business at the city of Tacoma, in Pierce county. The vessel mentioned was used exclusively in trade between Tacoma and ports outside of the state of Washington; it was not used in trade between different ports within the state. The vessel was registered in the custom house at Tacoma, and the name of the port of Tacoma was painted on its stern as its port of hail or home port. While it called at the home port at more or less regular intervals, it made no protracted stays therein; merely stopping long enough to discharge the cargo it brought to the port and receive the cargo it intended to carry away. The vessel was not taxed, or attempted to be taxed, elsewhere than at the city of Tacoma, nor was there another place which could be said to be the actual situs of the vessel.

The statute (Rem. & Bal. Code, § 9093; P. C. 501 § 19), after defining what character of personal property is subject to taxation in the state of Washington, in terms broad enough to include the appellant's vessel, concludes as follows:

"Provided, that the ships or vessels registered in any custom-house of the United States within this state, which ships or vessels are used exclusively in trade between this state and any of the islands, districts, territories, states of the United States, or foreign countries, shall not be listed for the purpose of or subject to taxation in this state, such vessels not being deemed property within this state: Provided, that mortgages, notes, accounts, moneys, certificates of deposit, tax certificates, judgments, state, county, municipal and school district bonds and warrants shall not be considered as property for the purpose of this chapter, and no deduction shall hereafter be allowed on account of an indebtedness owed."

The appellant bases its claim of exemption upon the first of these provisos. Manifestly the legislature attempted to exempt from taxation vessels situated as this vessel is situated and used for the purposes for which it is used, and that the

claim of the appellant to an exemption is sound if it is within the power of the legislature to make the exemption. It is the contention of the taxing authorities of Pierce county that the legislature is without such power, and this presents the sole question to be determined upon this appeal.

It will hardly be denied, in the light of our present decisions, that the legislature cannot, under the constitutional provision requiring a uniform and equal rate of taxation on all property "in the state," lawfully exempt from taxation corporeal personal property having an intrinsic value and having a situs at some place within the state. It was so held in the case of *State ex rel. Wolfe v. Parmenter*, 50 Wash. 164, 96 Pac. 1047, 19 L. R. A. (N. S.) 707. In that case the court had before it the validity of the second proviso of the section cited. It was held that the exemption was operative as to the mortgages, notes, accounts, bonds, etc., therein mentioned, on the principle that they were not property in the stricter sense, but were properly the representatives of property, but that the exemption could not apply to moneys, because "Money in practical commercial operations possesses such value by way of immediate purchasing or exchange powers as in effect robs it of a mere representative character and clothes it with the dignity of property having intrinsic value;" and hence "to exempt it from taxation would amount to a palpable effort to avoid the taxation of all property." So, here, since the vessel in question has intrinsic value, it cannot be exempted from taxation by the legislature unless it can be said not to be property "in the state," within the meaning of that clause as used in the constitution. Const., art. 7, § 2.

In construing the meaning of this clause of the constitution, it must be remembered that it was used with reference to the taxing power of the state, that it is a term of inclusion rather than a term of exclusion, and that it was meant to secure the taxation of all property subject to taxation by the state, and not to define or mark limits within which exemption from taxation might be legal or illegal. In other

words, when the constitution said that "all property in the state . . . shall be taxed," it meant to say that all property subject to taxation by the state shall be taxed, regardless of the question whether or not the property could be said to be technically within, or have an actual situs within, the state. That a vessel situated and used as this vessel is situated and used would be taxable as property in the state, in the absence of legislative regulation to the contrary, cannot be gainsaid or questioned. It is so held in all of the cases. While some confusion has arisen as to the proper place of taxation where the port of registry, the home port, and the domicile of the owner of the vessel are at different places, no court has as yet held that such vessels are not subject to taxation at some one of the places. So, here, since the vessel is subject to taxation by the state, we think the legislature is without power to exempt it, and we so hold.

The case of *North American Dredging Co. v. Taylor*, 56 Wash. 565, 106 Pac. 162, 29 L. R. A. (N. S.) 105, is not contrary to the view here taken. Property owned and taxable elsewhere and only temporarily in the state is not subject to taxation by the state, and the inquiry in that case was whether the dredger was permanently in the state or only temporarily so. Here no such question arises. This property is owned by a citizen of the state having its domicile within the state. The place of the owner's domicile is the registered as well as the home port of the vessel. Its permanent situs is therefore within the state, and its absence therefrom and stoppages elsewhere are but transient and temporary. Stated in another way, the domicile of the owner fixes the situs of the vessel, where it does not appear that it has acquired an actual situs elsewhere.

The judgment is affirmed.

MORRIS, C. J., MAIN, ELLIS, and CROW, JJ., concur.