[No. 20177. *En Banc.* July 6, 1927.]

THE STATE OF WASHINGTON, *on the Relation of G. K. Harrington, Appellant,* v. H. H. VINCENT *et al., Respondents.*[1]

[1] CORPORATIONS (25, 74)—DOMICILE—PLACE OF INSPECTION OF COR-
PORATE BOOKS.  Rem. Comp. Stat., § 3827, giving stockholders
the right to inspect the books of the corporation "at the office
or principal place of business of the company," requires the
company to produce its books for inspection at the "principal
place of business" of the company designated in its articles as
required by Id., § 3805; "principal place of business" and "office"
as used in the act being synonymous (MAIN, MITCHELL, and
ASKREN, JJ., dissenting).

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered May 5, 1926, upon findings in favor of the defendants in an action in mandamus.  Reversed.

*H. B. Noland,* for appellant.

*Sharpstein, Smith & Sharpsetin,* for respondent.

HOLCOMB, J.—This is an action in mandamus to compel the Walla Walla Oil, Gas and Pipe Line Company, a corporation, its trustees and officers, to send the books of the company to the relator at Walla Walla for inspection.  The trial court dismissed the action, from which relator appeals.

In 1916, the Walla Walla Oil, Gas and Pipe Line Company was incorporated under the laws of this

[1]Reported in 257 Pac. 849.

state. The articles of incorporation recite that the principal place of business of the company shall be located in the "city of Walla Walla, county of Walla Walla, state of Washington." For some years after the incorporation of the company, it maintained offices in Walla Walla where it kept its books and records. About four years prior to January, 1926, it moved its offices to Benton county. The operations of the company had, from the beginning, been in the latter county. It never owned any leases or operated any well, plant or works in Walla Walla county. In January, 1926, appellant, a stockholder and creditor of the company, made a demand upon its officers that they send the books of the company to him at the city of Walla Walla, where he resided, for inspection, and this request was refused. He was not denied the right to inspect the books at the office of the company, which at the time, and for about two years prior thereto, had been kept at the place of its operations, approximately thirty-five miles from the city of Kennewick in Benton county. For two or three years prior to the time when the controversy arose, the stockholders' meetings had been held at the place where the company conducted its operations.

[1] The sole question is, whether appellant had the statutory right to have the books of the company produced at Walla Walla for inspection. Section 3805, Rem. Comp. Stat. [P. C. § 4505], among other things, provides that the articles of incorporation shall name the city, town or locality and county in which the "principal place of business of the company is to be located." That provision has been carried into the subsequent amendments of the section. (Laws of 1923, ch. 186, p. 539; Laws of 1925 (Ex. Sess.), ch. 87, p. 112.) [Rem. 1927 Sup., § 3805.]

In a number of the sections under Title XXV of Rem.

Comp. Stat., relating to corporations, the expression "principal place of business" is used. That expression appears repeatedly in § 3835, which covers the matter of the removal of the principal place of business of a corporation to another county than that in which its articles place it or to another place in the same county. When, however, the legislature, in § 3827 [P. C. § 4527], gave the right to a stockholder or creditor to inspect the books of the company, it did not simply use the expression "principal place of business," but provided that a stockholder or creditor of the company should have the right to inspect the books of the company "at the office or principal place of business of the company." It is argued that, had the legislature intended to give a stockholder or creditor the absolute right to inspect the books of the company at the place where the articles located its principal place of business, it undoubtedly would have used the same expression in this connection that it did in other sections of the statute; but, instead of doing this, it gave the right to the stockholder or creditor to inspect the books either at the office of the company or at the principal place of business. It is also urged by respondents that "office" and "principal place of business," as used in the statute, are not synonymous. In *Mason & Hanger Co. v. Sharon,* 231 Fed. 861, cited and relied upon, the Federal circuit court of appeals for the second circuit had occasion to construe a statute of the state of New York which provided, before the action such as was there prosecuted could be maintained, it was necessary for the injured person to give notice to the employer and,

"... when the employer is a corporation, notice shall be served by delivering the same or by sending it by post addressed to the office or principal place of business of such corporation."

Another section of the New York statute quoted in the above decision is as follows:

"The term 'office of the corporation' means its principal office within the state *or* principal place of business within the state *if* it has no principal office therein.' Laws of 1909, c. 28 (Consol. Laws, c. 23) § 3, subd. 9."

It will thus be seen that the term "office of the corporation" was not meant by the legislation in New York to be strictly synonymous with the term "principal place of business," and the court was justified in so holding. If otherwise, we do not care to follow the decision in the above cited case.

Our statutes above cited repeatedly refer to the "principal place of business" of a domestic corporation, always implying that principal place of business which has been designated and required by law. No other principal place of business can be implied from the fact that in one or two instances the statutes refer to "office or principal place of business." Undoubtedly, in those instances, the legislature was intending to refer to one and the same place, the principal office and principal place of business. That place is required by law to be designated in a certain statutory manner. It was so designated by the corporation in this case. Were it not so, a corporation might, by maintaining a principal office for the operation of its business outside of the state, make itself a non-resident corporation. *Hastings v. Anacortes Packing Co.*, 29 Wash. 224, 69 Pac. 776.

In *First National Bank of Everett v. Wilcox*, 72 Wash. 473, 130 Pac. 756, 131 Pac. 203, we quoted 1 Clark and Marshall, Private Corporations, § 122, and cases from other states, to the effect that the general rule is that the residence or domicile of the corporation within the state is in that county, city or town, and

that one only, in which it has its general or principal office and conducts its corporate business. It is further held in that case that, where the statute was not strictly complied with in attempting to amend the articles to change the residence of the corporation to another county, the attempt to change was ineffective.

Our statute gives the stockholder the right to examine the books "at the principal office or principal place of business" of the corporation. These are but alternative expressions for the same thing and mean one and the same place. The corporation could not be sued in any other place than the place where it maintains its principal place of business, and that must be the place shown by the records, as was shown in this case, to be the legal principal place of business of the corporation, where stockholders and creditors of a company have an absolute right to examine the books of the company.

The judgment of the superior court was, therefore, erroneous and is reversed.

Another phase of this litigation is that, in the mandamus action against respondents, the relator claimed damages and penalties under § 3828, Rem. Comp. Stat. [P. C. § 4528], which provides that, for any neglect to allow such books to be inspected, as required by the statutes, a corporation shall, among other penalties, forfeit and pay to the injured party a penalty of not less than $100 nor more than $1,000, and all damages resulting therefrom, to be recovered in any action of debt in any court of competent jurisdiction. The trial court, having found the corporation was not liable to allow inspection of the books at Walla Walla, of course refused to allow any damages or penalty. There has, therefore, never been any adjudication thereof.

The judgment is reversed, and the cause remanded to the superior court with instructions to proceed to

hear and determine the matter of the allowance of damages and penalties to the relator in this action.

MACKINTOSH, C. J., TOLMAN, FRENCH, FULLERTON, and PARKER, JJ., concur.

MAIN, J. (dissenting)—I am unable to concur in the majority view in this case. In a number of the sections under title XXV of Rem. Comp. Stat., relating to corporations, the expression "principal place of business" is used. That expression appears repeatedly in Rem. Comp. Stat., § 3835 [P. C. § 4534], which covers the matter of the removal of the "principal place of business" of a corporation to another county than that in which its articles place it or to another place in the same county. When, however, the legislature in § 3827 gave the right to a stockholder or creditor to inspect the books of the company, it did not use the expression "principal place of business," but provided that a stockholder or creditor should have the right to inspect the books "at the office or principal place of business of the company." It seems clear to me that the "office" and "principal place of business" do not mean the same thing. There was no occasion to use the word "office" at all, if it was to have the same meaning as "principal place of business." I therefore dissent.

MITCHELL and ASKREN, JJ., concur with MAIN, J.