[No. 22563. Department One. January 16, 1931.]

SUBURBAN TRANSPORTATION SYSTEM, *Appellant*, v. KING COUNTY, *Respondent*.[1]

*O. Duncan Anderson*, for appellant.

*Ewing D. Colvin, Harry A. Rhodes*, and *Allen Sprat-lin*, for respondent.

[1]Reported in 295 Pac. 124.

PARKER, J.—The plaintiff, Transportation System, commenced this action in the superior court for King county, seeking recovery from that county of an alleged excess of personal property taxes exacted from it by the county authorities, which excess it claims to have paid under coercion and protest. The county's demurrer to the plaintiff's complaint was, by the superior court, sustained. The plaintiff elected to stand upon its complaint and not plead further. Final judgment of dismissal was, by the court, accordingly rendered against the plaintiff, from which it has appealed to this court.

The controlling alleged facts may be summarized as follows: Appellant is a motor transportation company organized under the laws of this state, having its principal place of business in the city of Seattle. It is engaged in the motor transportation of passengers for hire, over connecting public highway lines, in four separate school taxing districts of that county. The mileage of appellant's lines operated in, and the school tax levy of, the respective school taxing districts were, at the time of the levy of the tax in question, as follows:

| | | |
|---|---|---|
| City of Seattle School District, | 9.4 miles; | 76.02 mills levy, |
| School District No. 51, | 8.7 miles; | 69.75 mills levy, |
| School District No. 179, | 4.4 miles; | 57.45 mills levy, |
| School District No. 86, | 2.7 miles; | 54.70 mills levy. |

The county assessor assessed all of appellant's personal property as being in the city of Seattle school taxing district, in which district was situated appellant's principal place of business. Thus, appellant was compelled to pay taxes upon its personal property in a larger amount than it would have been compelled to pay had the assessment of its personal property

been distributed and apportioned among the four taxing districts, as, it is contended in behalf of appellant, the assessment should have been made and apportioned, that is, so made and apportioned in proportion to the mileage of appellant's lines within the several taxing districts.

It is well settled law that the residence of a corporation, organized under the laws of this state, is at its principal place of business in the state. *First Nat. Bank v. Wilcox,* 72 Wash. 473, 130 Pac. 756, 131 Pac. 203; *State ex rel. Harrington v. Vincent,* 144 Wash. 246, 257 Pac. 849.

It is also a well settled general rule of law that personal property is taxable in the district of the residence of its owner. The rule is well stated in the text of 26 R. C. L. 273, as follows:

"*Mobilia sequuntur personam* was a well established maxim of the common law, and the *situs* of personal property of every description, wherever it was actually kept or located, was held to be at the domicil of the owner and the property was subject to the jurisdiction of the owner's sovereign. The principle was applicable to the taxation of personal property and it was for many years the universally accepted rule that personal property was taxable at the domicil of the owner. While certain exceptions and qualifications to the rule have been developed in recent years, it is still the basic principle on which the taxation of personal property rests, and the law of taxation of personal property depends largely upon the question of domicil, for it is still held that personal property unless it has acquired a definite *situs* in another state or unless other provision is made by statute is taxable to the owner in the city or town in which he lives and has his domicil."

Our decision in *Pacific Cold Storage Co. v. Pierce County,* 85 Wash. 626, 149 Pac. 34, recognizes this to be the general rule. So, unless our present problem is to be controlled by some exception to this general

rule, it seems clear that appellant's personal property was properly taxed as being in the Seattle School District, appellant's residence being therein.

■ Counsel for appellant has not brought to our attention any statutory express exception of controlling force in our present inquiry, but argues that our general revenue statutory provisions, found in chapter 130, Laws of 1925, Ex. Ses., p. 227; Rem. 1927 Sup., §§ 11097-17, 11097-62, 11097-74, impliedly make such an exception, warranting the conclusion for which he here contends in behalf of appellant. The provisions so relied upon, referring to sections of that chapter, are as follows:

"Sec. 17. The personal property of automobile transportation companies owning, controlling, operating or managing any motor propelled vehicle used in the business of transporting persons and/or property for compensation over any public highway in this state between fixed termini or over a regular route, shall be listed and assessed in the various counties where such vehicles are operated, in proportion to the mileage of their operations in such counties."

"Sec. 62. It shall be the duty of assessors, when assessing real or personal property, to designate the name or number of each taxing and road district in which each person and each description of property assessed is liable for taxes, which designation shall be made by writing the name or number of the districts opposite each assessment in the column provided for that purpose in the detail and assessment list."

"Sec. 74. The rate per centum of all taxes levied for purposes of taxing districts within any county shall be determined, calculated and fixed by the county assessors of the respective counties, within the limitations hereinafter prescribed, upon the assessed valuation of the property of the taxing districts respectively."

Section 17 does no more, in terms, than require the apportioning of the assessment of property of the na-

ture here in question, according to mileage of the lines of the owner in the respective counties. We think the general rule of residence of the owner applies as to such property as is within the county of the owner's residence. Section 62 only requires that the proper taxing district in which the property is liable for assessment and taxation, be designated by the assessor in the making of the assessment. Section 74 is equally inapplicable to our inquiry. There are some specific provisions in that chapter as to the taxing district in which certain kinds of personal property shall be assessed, other than the district of the residence of the owner, but there are no such special provisions with reference to where property of the class here in question shall be assessed and taxed.

We conclude that appellant's personal property was properly assessed and taxed as being in the Seattle School Taxing District, that being the district of the residence of appellant.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and HOLCOMB, JJ., concur.