[No. 23483. Department One. April 13, 1932.]

BUCKNER-WEATHERBY COMPANY, *Appellant*, v. C. W. WUEST, *as Receiver, Respondent.*[1]

*Ballard & Houghton (Stockton Webb* and *Earle V. Ticknor, of counsel),* for appellant.

*A. H. Ward,* for respondent.

PARKER, J.—This is an appeal by the Buckner-Weatherby Company from a final order of the superior court for Skagit county disallowing its claim of preference made to certain sawmill machinery in the hands

[1]Reported in 9 P. (2d) 1104.

of C. W. Wuest, as receiver of the Sedro Hardwood Company, an insolvent corporation. There is no room for serious dispute over the controlling facts.

In March, 1928, the Sedro Hardwood Company was duly organized as a corporation, under the laws of this state. Its articles of incorporation read, in part, as follows:

"ARTICLE II. The objects and purposes, for which this corporation is formed, are as follows: To engage in the manufacture and sale of lumber of every kind and character whatsoever; . . . To do and carry on any and all powers enumerated herein in any and all parts of the world.

"ARTICLE III. The principal office and place of business of this corporation shall be in the city of Seattle, King county, Washington."

Its articles of incorporation have never been amended in any respect changing the above quoted portions thereof.

It established a sawmill plant at Sedro Woolley, in Skagit county, soon after its incorporation, and thereafter, at all times up to the time of its becoming insolvent, conducted its business almost wholly at that place in Skagit county. Its secretary at all times has resided in Seattle, in King county, and has there kept its seal and corporate records, other than its records evidencing the actual carrying on of its manufacturing and commercial business. It made a few sales through consignments to its commission agent at Seattle.

On December 20, 1929, January 6, 1930, March 4, 1930, and May 9, 1930, respectively, the Buckner-Weatherby Company, of Seattle, and the Sedro Hardwood Company entered into conditional sales contracts for sales by the former to the latter of the machinery here in question, the purchase price to be paid partially by deferred installments. The machinery was ac-

cordingly shipped from Seattle to Sedro Woolley, and there installed in the Sedro Hardwood Company's plant.

None of these contracts was ever filed or made of record in the office of the auditor of King county, which county, the receiver insists, has been at all times the legal residence of the Sedro Hardwood Company; but these contracts were, within ten days after the taking possession of the machinery by the vendee, the Sedro Hardwood Company, filed and made of record in the office of the auditor of Skagit county, which county, the Buckner-Weatherby Company insists, has been at all times the legal residence of the Sedro Hardwood Company.

On August 5, 1930, the superior court for Skagit county, in the action of William Giesler et al. v. Sedro Hardwood Company, appointed C. W. Wuest receiver of the property and affairs of that company, because of its then insolvency, looking to the winding up of its affairs. Thereupon, he duly qualified as such receiver and took possession of all the property and affairs of that company, including the machinery here in question.

Soon thereafter, the Buckner-Weatherby Company presented to the receiver its claim of ownership of the machinery described in the conditional sales contracts, and demanded of the receiver possession thereof, or, in the alternative, that the receiver pay the entire balance due upon the agreed purchase price of the machinery, matured installments thereof being then in default. The receiver rejected the Buckner-Weatherby Company's claim of ownership of the machinery, refused to pay or allow, as a preferred claim, the balance due upon the agreed purchase price thereof, and thereupon asked a hearing and determination by

the court of the rights of the Buckner-Weatherby Company with reference thereto.

The controversy so arising proceeded to trial before the court upon the merits, resulting in a final order made by the court denying to the Buckner-Weatherby Company any right of ownership in the machinery, and denying to it any right as a preferred creditor against the assets of the Sedro Hardwood Company, except as to creditors of the Sedro Hardwood Company who became such prior to the making of the conditional sales contracts. The order established the balance due to the Buckner-Weatherby Company upon the agreed purchase price of the machinery, as a general claim against the assets of the Sedro Hardwood Company. It is from this disposition of the claim of the Buckner-Weatherby Company that it has appealed to this court.

The final order of the trial judge is rested upon the theory that the legal residence of the Sedro Hardwood Company has at all times been at Seattle, in King county, because of the unamended article III of its articles of incorporation, above quoted; and that, therefore, the conditional sales contracts would necessarily have to be made of record in King county in order to effectually retain title to the machinery in the Buckner-Weatherby Company, upon its delivery of possession of the machinery to the Sedro Hardwood Company.

This view of the controversy seems to us to be well grounded. Section 3790, Rem. Comp. Stat., relating to conditional sales contracts, reads as follows:

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have, or claim a lien upon such property, unless within ten

days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides.''

Section 3805, Rem. Comp. Stat., as amended by chapter 87, Laws of 1925, Ex. Ses., p. 112 (Rem. 1927 Sup., § 3805), relating to the execution and filing of articles of incorporation of manufacturing and mercantile corporations, reads, in part, as follows:

''Any two or more persons, who may desire to form a company for one or more of the purposes specified in either of the two next preceding sections, shall make and subscribe written articles of incorporation in triplicate, and acknowledge the same before any officer authorized to take the acknowledgment of deeds, and file one of such articles in the office of the secretary of state, and another in the office of the county auditor of the county in which the principal place of business of the company is intended to be located, and retain the third in the possession of the corporation. Said articles shall state . . . the name of the city, town, or locality and county in which the principal place of business of the company is to be located: . . . Amendments may be made to the articles of incorporation by a majority vote of its trustees and the vote or written assent of two-thirds of the capital stock of such corporation. . . . . The president and secretary of said corporation shall certify said amendments in triplicate under the seal of said corporation to be correct and file and keep the same as in the case of original articles. . . .''

In *First National Bank v. Wilcox,* 72 Wash. 473, 130 Pac. 756, 131 Pac. 203, there was drawn in question the validity of conditional sales contracts which were not filed or made of record in the county of the ''principal place of business'' of the vendee corporation, as stated in its articles of incorporation, though

the conditional sales contracts were filed and made of record in the county where the corporation actually did the much larger portion of its business at the time of the making of the contracts and the possession of the property passing into the hands of the vendee corporation. The then controlling statutory provisions were the same as above quoted from Rem. Comp. Stat., §§ 3790 and 3805, being in §§ 3670 and 3679, Remington & Ballinger's Codes and Statutes. The later amendments did not make any change of any moment in our present inquiry.

Holding that the conditional sales contracts drawn in question in that case were void and of no effect as to subsequent creditors represented by Wilcox as receiver of the vendee corporation, Judge Mount, speaking for the court, said:

"It is argued by the appellants with much force that, inasmuch as the mills of the vendee and the machinery sold were located in Chehalis county and the principal business done there, Chehalis county should be held to be the residence of the corporation. Such holding would render the statute relating to corporations uncertain and of no substantial force. The statute, at § 3679, Rem. & Bal. Code, provides what the articles of incorporation shall contain, and among these provisions that 'the name of the city, town, or locality and county in which the principal place of business of the company is to be located,' shall be stated. Articles of incorporation are required to be executed in triplicate, one to be filed in the office of the secretary of state, one in the county designated as the principal place of business, and one kept by the corporation. The object of these provisions is to give the corporation a certain known place of residence, and to give notice of the principal place of business to all who may have dealings with the corporation. . . .

"We are clear, therefore, that the place designated in the charter of local corporations as their principal office or place of business must be held to be the

residence of such corporations. This being true, it follows that the conditional sales contracts were of no effect as to creditors of the vendee, because the contracts were not filed in the auditor's office of Pierce county, where the vendee resided.''

Some two years later, the supreme court of the United States cited our decision in that case in support of its decision in *Fairbanks Steam Shovel Co. v. Wills*, 240 U. S. 642, in considering a very similar problem under an Illinois statute. Our later decision in *State ex rel. Harrington v. Vincent*, 144 Wash. 246, 257 Pac. 849, adheres to this view.

Some contention is made in behalf of the Buckner-Weatherby Company rested upon the theory of estoppel; that is, that the receiver acquired no better title or superior right to the machinery than had been acquired by the vendee, the Sedro Hardwood Company; that the Buckner-Weatherby Company was induced by the conduct of the Sedro Hardwood Company to assume its principal place of business to be in Skagit county; and that, therefore, the conditional sales contracts, being filed and made of record in Skagit county, ought to be held valid as between the receiver and the Buckner-Weatherby Company.

This contention, we think, must be held unavailing as against the receiver, in view of the fact that he stands not only in the shoes of the Sedro Hardwood Company, but also in the shoes of bona fide creditors of that company who became such after the execution of the conditional sales contracts and the possession of the machinery passing thereunder to the Sedro Hardwood Company. Our decisions in *North Coast Dry Kiln Co. v. Montecoma Inv. Co.*, 82 Wash. 247, 144 Pac. 58, and *Keyes v. Sabin*, 101 Wash. 618, 172 Pac. 835, we think, render it plain that this contention is untenable as against the receiver.

We conclude that the order must be affirmed. It is so ordered.

MITCHELL, BEELER, and HERMAN, JJ., concur.

TOLMAN, C. J. (dissenting)—I dissent. The words in the statute (Rem. Comp. Stat., § 3790),

" . . . shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides,"

relate to a fact and not to a fiction.

Except for the provision in the articles of incorporation making Seattle, King county, its principal place of business, the corporation, for all intents and purposes, was an actual resident of Skagit county. There *all* of its ordinary business was conducted, there the contracts in question were entered into; and those contracts recited truthfully the fact of its residence being in Skagit county.

The case of *First National Bank of Everett v. Wilcox*, 72 Wash. 473, 130 Pac. 756, 131 Pac. 203, cited and quoted by the majority, discloses no such a condition, and, in my opinion, can be readily distinguished. Certainly its doctrine should not be extended to the defeat of honest contracts honestly entered into, the enforcement of which works injustice to none. To extend the doctrine of the *Wilcox* case to the facts of this case, is to reject a fair contract honestly entered into, to defeat the will of the contracting parties, and to deny justice to a vendee who relied upon the actual facts known to all, and who disregarded only a legal fiction known to none except the vendor, and forgotten even by it.

In my opinion, the judgment appealed from should be reversed.