[No. 36642. Department One. April 25, 1963.]

MAURICE M. GLOYD *et al.*, *Plaintiffs*, v. W. R. RUTHERFORD, *Defendant and Relator*, EVERETT O. BUTTS *et al.*, *Defendants*, THE SUPERIOR COURT FOR PIERCE COUNTY, *Frank Hale, Judge, Respondent.**

*Griffin, Boyle & Ross*, for relator.

ROSELLINI, J.—This action was instituted by the plaintiffs for an accounting by the defendants Rutherford and Butts, who are officers and directors of Metallo Sales & Manufacturing, Inc. Thereafter, on petition of the plaintiffs, a receiver was appointed to take charge of the property and affairs of the corporation.

When the receiver's report was presented, it showed that the corporation had a possible claim against the defendant

* Reported in 380 P. (20) 867.

Rutherford, who was the president of the corporation, based upon a contract signed by him, under the terms of which he purchased 499,500 of the 500,000 authorized shares of stock.

The case came on for trial on June 21, 1962. In accordance with the prayer, contained in the plaintiffs' complaint, the trial court, on June 25, 1962, recessed the trial and directed the defendants to render an accounting to the plaintiffs. On the same day, the report of the receiver came on for hearing, in accordance with notice given by the court on June 22. Although an opportunity was given to the defendant Rutherford, who is the petitioner herein, to present further evidence, he did not avail himself of this opportunity but relied upon arguments of counsel. The court construed the contract and concluded that the petitioner was obliged, under its terms, to turn over a certain formula and connected information to the corporation. An order was entered accordingly, directing the petitioner to deliver the formula and other information to the receiver. A petition for a writ of certiorari was granted.

The correctness of the trial court's determination is not questioned in this proceeding, but the petitioner contends that the court was without jurisdiction to construe the contract and declare the rights of the parties under it.

■ In beginning his argument, the petitioner cites the general rule that a receiver takes the property of which he has been appointed in the same plight and condition and subject to the same equities and liens as he finds it in the hands of the person or corporation out of whose possession it is taken.

It is also the rule, however, that the receiver stands not only in the shoes of the corporation but also in the shoes of bona fide creditors of the corporation. *Buckner-Weatherby Co. v. Wuest*, 167 Wash. 647, 9 P. (2d) 1104. In High on Receivers (4th ed.) § 1, it is said:

"A receiver is an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation *pendente lite*, when it does not seem reasonable to the court that either party should hold it. He is not the agent or representative of either party to the action, but is uniformly regarded as an officer of the

court, exercising his functions in the interest of neither plaintiff nor defendant, but for the common benefit of all parties in interest. . . . Being an officer of the court, the fund or property intrusted to his care is regarded as being *in custodia legis* for the benefit of whoever may finally establish title thereto, the court itself having the care of the property by its receiver, who is merely its creature or officer, having no powers other than those conferred upon him by the order of his appointment, or such as are derived from the established practice of courts of equity. . . ."

In § 3, p. 5, it is said:

"The jurisdiction exercised by courts of equity in administering relief by the extraordinary remedy of a receiver *pendente lite* is a branch of their general preventive jurisdiction, being intended to prevent injury to the thing in controversy, and to preserve it for the security of all parties in interest, to be disposed of as the court may finally direct. . . ."

Having placed the receiver in the shoes of the corporation, the petitioner states further that, in order for the corporation to establish its disputed claim to the formula referred to in the contract, it would be necessary for it to commence suit against the petitioner, and reasons that the receiver must do likewise. Unfortunately, the petitioner neglects to cite any authorities sustaining his position in this regard.

It is true, as the petitioner states in his argument, that a court is reluctant to take possession, by its receiver, of property in the possession of third parties claiming title thereto; and ordinarily a receiver who claims such property must institute a separate action. *State ex rel. Hunt v. Superior Court*, 8 Wash. 210, 35 Pac. 1087; High on Receivers (4th ed.) § 145, 75 C.J.S., Receivers § 124. However, it is said in 2 Clark on Receivers (3d ed.) § 366, that a court, in a proper case, may make a third person a party for the purpose of obtaining possession of property of the receivership.

But we are not in this case concerned with a claim of ownership as against a third party. Here, the party withholding possession of claimed property of the receivership is the principal defendant in the action. The court has

jurisdiction of his person and of the subject matter. As we have already pointed out, in the above quotations from High's treatise, it is the court's function to adjudicate title to the property claimed by the receivership where the parties claiming an interest are before it.

As stated in 75 C.J.S., Receivers § 117(a):

"Generally speaking, a court of equity has power, on appointing a receiver, to make such orders with respect to assets of the insolvent within the jurisdiction as will protect them against loss or damage. Accordingly, the court has power to order the receiver to take possession of the property which is involved in the controversy, and the exercise of such power is not a deprivation of due process of law, since the surrender to the receiver does not affect the right of property or the ultimate decision of the case. When possession is withheld by persons who are parties to the suit, or, . . . by their agents or employees, or by others who are claiming under such parties, with notice of the appointment of the receiver, the court may interfere in a summary way and order the delivery of the property, and may enforce its order by writ of assistance or possession, or by execution or attachment. . . . The court has no jurisdiction to authorize a receiver to take possession of property not the subject of the litigation; nor can it order property not in the possession or control of the person against whom the order is directed, or not shown to belong to the debtor, to be delivered to the receiver."

A like statement of the applicable law is found in High on Receivers (4th ed.) § 144.

The case of *Klasko Finance Corp. v. Belleaire Hotel Corp.*, 257 N. Y. 1, 177 N. E. 289, was a mortgage foreclosure action, in which a receiver was appointed to take charge of the hotel which was the mortgaged property. It appeared that a lease had been entered into which provided for an inadequate rental. Demand was made upon the tenant for a rental which the receiver deemed reasonable. When it was refused, he applied to the court for assistance, and an order was entered granting the petition.

On appeal to the court of appeals of New York, it was held that, inasmuch as the tenant was a party to the mortgage foreclosure action, it was subject to the summary

jurisdiction of the court with respect to any conduct frustrating the receivership. The court said, *inter alia*:

". . . Certain it is . . . that as against a party to the suit, an adjudication as to the rights of the receiver and the duties of the party in respect of the property impounded may be made upon motion. . . ."

In *State ex rel. Cameron v. Second Judicial Dist. Court of Nevada*, 48 Nev. 198, 228 Pac. 617, it was said:

"As a general rule courts will not interfere in a summary way as against the possession of a stranger to the action claiming by paramount title, but will leave the question of title to be tried by a proper action to be brought for that purpose. When, however, the possession is withheld by parties to the suit, or by others claiming under such parties, with notice of the appointment of the receiver (as in this case), there can be no question as to the authority of the court to interfere in a summary way and enforce its order for the surrender of the property by attachment or writ of possession. High on Receivers, sec. 144; 34 Cyc. 204."

In our own jurisdiction, in the early case of *State ex rel. Krisch v. Superior Court*, 36 Wash. 91, 78 Pac. 461, it was held that, where a creditor of an insolvent corporation had, by intervention, become a party to the action in which a receiver was appointed, his rights in property involved in the receivership could be determined in that action.

We find no merit in the petitioner's contention that the trial court in this action lacked jurisdiction to construe a contract executed by the defendant in favor of the corporation and to thus determine the ownership of the formula.

The order before us for review is affirmed.

OTT, C. J., HILL and HAMILTON, JJ., and RYAN, J. Pro Tem., concur.